1  J. Thomas Gilbert (State Bar No. 183362)
   **PATTON BOGGS LLP**
2  2000 McKinney Avenue
3  Suite 1700
   Dallas, Texas 75201
4  214.758.1500 - Telephone
5  214.758.1550 - Facsimile
   tgilbert@pattonboggs.com
6
7  *Attorney for Defendant, Boiron USA, Inc.*

8              **UNITED STATES DISTRICT COURT**
9    **CENTRAL DISTRICT OF CALIFORNIA—SOUTHERN DIVISION**

10
   GINA DELAROSA, individually and        )    **SACV10-01569 JST (CWx)**
11 on behalf of all others similarly       )
12 situated,                               )    Civil Action No. _____
                                           )    "Redacted"
13            *Plaintiffs,*                )    **NOTICE OF REMOVAL OF**
                                           )    **ACTION PURSUANT TO**
14                                         )    **FEDERAL COURT UNDER 28**
      v.                                   )    **U.S.C. SECTION 1441**
15                                         )
16 BOIRON USA, INC., a corporation of      )
   unknown origin; and    DOES 1-          )
17 20,                                     )
                                           )
18                                         )
            *Defendants.*                  )
19

20 TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT
   COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, TO PLAINTIFF,
21 AND TO PLAINTIFF'S COUNSEL OF RECORD:
22
23        PLEASE TAKE NOTICE that, Defendant Boiron USA, Inc. ("Boiron" or

24 "Defendant"), through undersigned counsel, hereby removes the above-captioned

25 action from the Superior Court of the State of California, County of Orange, to the

26
   United States District Court for the Central District of California, Southern
27
28 Division, pursuant to 28 U.S.C. Sections 1441 and 1446. Federal jurisdiction exists

                                    1
                          **NOTICE OF REMOVAL**

5125737

under the Federal Diversity Statute as amended by the Class Action Fairness Act

("CAFA"), *see* 28 U.S.C. § 1332(a) and (d).   Attached to this Notice of Removal is

a copy of all court filings served upon Boiron in this action.

## I.    PROCEDURAL HISTORY

1.    On August 31, 2010, Plaintiff Gina Delarosa ("Plaintiff"), on behalf of

herself and all others similarly situated, filed this action in the Superior Court of

California, County of Orange, *Delarosa vs. Boiron USA, Inc. and Does 1-20*, No.

30-2010-00404262-CU-MT-CMX.    A true and correct copy of the Plaintiff's

Summons and Complaint are attached hereto as Exhibits 1 and 2, respectively.

2.    On September 14, 2010, process was served on Defendant.  No further

proceedings have been had in the state court action.

3.    The Complaint alleges a variety of claims against Boiron arising out of

the sale of Children's Coldcalm, a homeopathic medicine intended for children ages

3 and older.  These claims include alleged violations of the California Consumer

Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750 *et seq.*, California Unfair

Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.*, and California False

Advertising Law, Cal. Bus. & Prof. Code § 17500 *et seq.*, as well as common law

fraud.

4.    Plaintiff seeks relief on behalf of a putative class of purchasers of

Children's Coldcalm, defined as "[a]ll persons located within California who

purchased Chilidren's Coldcalm for personal use at any time during the four years

2

preceding the filing of this Complaint (the 'Class')." Ex. 2 ¶ 22.

5.    The Complaint seeks restitution and injunctive relief, all legal and equitable remedies available under the Consumers Legal Remedies Act and the Unfair Business Practices Act, punitive damages, and all other available remedies, including damages, statutory penalties, attorneys' fees, costs, and pre-judgment and post-judgment interest. Ex. 2 ¶¶ 36, 41, 42, 46, and Prayer for Relief.

6.    Boiron has not filed an answer or responsive pleading to the Complaint.

7.    In accordance with 28 U.S.C. Section 1446(b), Boiron is filing this Notice of Removal within thirty (30) days of service of the summons and complaint.

8.    The unnamed John Doe defendants need not join or consent to Defendant's Notice of Removal, as they have not yet been served. *Salveson v. Western States Bankcard Ass'n*, 731 F.2d 1423, 1429 (9th Cir. 1984) (defendants not yet served in state court action need not join in the notice of removal). Furthermore, CAFA permits any defendant to unilaterally remove the action, where as here, CAFA's requirements are met. *See* 28 U.S.C. § 1453(b).

## II.    REMOVAL IS PROPER BECAUSE THIS COURT HAS JURISDICTION OVER THIS CASE PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1453

9.    As set forth more fully below, removal is proper under 28 U.S.C. §§ 1332(d) and 1453 because this case is (a) a proposed "class action" as defined in 28

3

5125737

U.S.C. § 1332(d)(1)(B); (b) in which the Plaintiff and the putative class members are citizens of a state different from Boiron; and (c) the amount in controversy exceeds $5,000,000.

Alternatively, removal is proper pursuant to 28 U.S.C. §§ 1332(a) and 1441(a) because (a) there is complete diversity of citizenship and (b) the amount in controversy exceeds $75,000.

**Complete Diversity of Citizenship Exists**

10.    Complete diversity exists under 28 U.S.C. § 1332 between Plaintiff and Defendant.

a.    Plaintiff alleges that she is a California resident.  Ex. 2 ¶ 1.  As such, Defendant is informed and believes that at the time Plaintiff filed this civil action, Plaintiff was a citizen of California.  Moreover, Plaintiff avers that the putative class members are "located within California." *Id.* ¶ 22.

b.    While Plaintiff names John Does 1-20 as defendants, the citizenship of those unnamed defendants is not considered.  Section 1441 provides that "for purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be discarded."  28 U.S.C. § 1441(a).  For jurisdictional purposes, only the citizenship of Boiron USA, Inc. is relevant.

c.    For diversity purposes, a corporation is deemed to be a citizen of: (1) the state under whose laws it is organized; and (2) the state of its "principal place of business." 28 U.S.C. § 1331(c)(1); *Davis v. HSBC Bank Nevada, N.A.*, 557 F.3d

4

1026, 1028 (9th Cir. 2009).

(1)     Defendant, at the time this action was commenced, was and still is, a corporation organized and existing under and by virtue of the laws of the State of Delaware.  Declaration of Mark Land ("Land Decl.") ¶ 3.  Defendant was not, and is not, incorporated under the laws of the State of California, wherein this action is brought.

(2)     The U.S. Supreme Court held earlier this year that a corporation's "principal place of business" under the federal diversity jurisdiction statute, 28 U.S.C. § 1332 (c)(1), refers to a corporation's "nerve center" or "the place where the corporation's high level officers direct, control, and coordinate the corporation's activities."  *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1186 (2010) (abrogating *Tosco Corp. v. Communities for a Better Environment*, 236 F.3d 495 (9th Cir. 2001) as to the Ninth Circuit's application of the business activities test for determining a corporation's principal place of business).  The Supreme Court noted that "in practice[,]" the nerve center will "normally be the place where the corporation maintains its headquarters." *Id.* at 1192.  Under the nerve center test, a corporation's principal place of business is located "in the state where the majority of its executive and administrative functions are performed." *Davis*, 557 F.3d at 1028 (citing *Tosco*, 236 F.3d at 500).

(a)     Defendant's U.S. headquarters are located in Newton Square, Pennsylvania.  Land Decl. ¶ 5.  Defendant's Newton Square headquarters is

5

5125737

home to virtually all of the Company's corporate functions, including human resources, payroll, benefits, legal, sales operations, and marketing. *Id.* ¶ 6.

      (b)    All management of the Company is operated through the Newton Square headquarters. *Id.* ¶ 7.

      (c)    None of the Company's corporate officers work in California. Nearly all of the Company's officers reside or have a place of business either in Newton Square or at the site of its subsidiary corporation in Ste-Foy-les, Lyon in France. *Id.* ¶ 7.

      (d)    Virtually all of the critical operational and administrative personnel who are involved with Defendant's payroll and other Company policies and procedures regarding its employees are also located and work in Pennsylvania. *Id.* ¶ 9.

      (e)    Defendant's corporate minute books and records are maintained and located in Pennsylvania. *Id.* ¶ 8.

      (f)    Key policies and procedures are all established, issued, and/or administered or implemented out of Defendant's headquarters in Pennsylvania. *Id.* ¶ 9. This includes employee guidelines, policies, and procedures. *Id.*

      (g)    The personnel files for all employees are maintained at Defendant's Pennsylvania headquarters. *Id.*

      (h)    These factors establish that Defendant's nerve center is

6

5125737

located in Pennsylvania.

11.    For purposes of diversity, Defendant is a citizen of the states of Delaware (its state of incorporation) and Pennsylvania (its principal place of business).  Thus, complete diversity exists as Plaintiff is a citizen of California.

### Removal Pursuant to 28 U.S.C. §§ 1332(d) and 1453

12.    This Court has original subject matter jurisdiction over this action pursuant to CAFA.  *See* 28 U.S.C. § 1332(d).  Pursuant to CAFA, a federal district court shall have original jurisdiction of any "class action" composed of 100 or more putative class members, where any member of the proposed class is a citizen of a state different from any defendant, and the amount placed in controversy exceeds $5,000,000 (exclusive of interest and costs).  *See* 28 U.S.C. § 1332(d).  Moreover, CAFA "abrogates the rule against aggregating claims" to reach the threshold amount in controversy requirement.  *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 571 (2005); *see also* 14A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 3704 (3d ed. 2010) ("[CAFA] ... provides for aggregation even if no individual class member asserts a claim that exceeds $75,000.").

a.    Plaintiff contends that the putative class numbers "at least in the tens of thousands."  Ex. 2 ¶ 24.

b.    As set forth above, Plaintiff is a citizen of a state different than Boiron.

c.    The jurisdictional amount is satisfied.  Although the Complaint does

7

5125737

not allege a damages or restitution amount as to the claims, removal is proper if, from the allegations of the Complaint and the Notice of Removal, it is more likely than not that the amount in controversy exceeds $ 5 million. *See Lowdermilk v. United States Bank Nat'l Assoc.*, 479 F.3d 994, 1000 (9th Cir. 2007). The aggregated claims in the Complaint more likely than not satisfy CAFA's $5 million amount in controversy requirement.

(1)    In the Complaint, Plaintiff individually and on behalf of the putative class prays for "actual damages," uncapped "punitive damages," "statutory damages of no less than $1,000 per class member," "restitution," "incidental and consequential damages, interest, and reasonable attorneys' fees," and costs.  Ex. 2 ¶¶ 36, 41, 42, 46, and Prayer for Relief.  While Boiron denies the validity of Plaintiff's individual and class action claims, the class stands to recover in excess of $5 million based on the allegations set forth in Complaint.  Plaintiff asserts the putative class will be comprised of all individual purchasers of Children's Coldcalm.    Children's Coldcalm was first introduced in the United States in August of 2008.  Land Decl. ¶ 13.  From that time to October 1, 2010, Boiron "sold ▮▮▮▮▮▮▮▮▮ of Chilidren's Coldcalm to retailers throughout the United States, with total sales approximating ▮▮▮▮▮▮▮."  *Id.*  Approximately ▮▮▮▮▮▮▮ of those sales, exclusive of discounts or rebates which consumers may have been provided by retailers, were made in California during that period. *Id.* ¶ 14.  Thus, overall monetary recovery for the class for ordinary damages (▮▮▮▮▮ in actual

8

damages as to fraud claims) and restitution ████████ as to the unfair competition claims) would likely range upwards of ██████ .

(2)     Additionally, each member of the putative class estimated by Plaintiff to be "tens of thousands" of Children's Coldcalm purchasers would be entitled to a minimum statutory recovery of $1000 or $5000 provided the individual is a senior citizen. Assuming a class of 25,000 individuals,[1] the minimum recovery of statutory damages would equal $25 million as to the CLRA claim alone.

(3)     In addition to compensatory damages and restitution, punitive damages are also considered part of the amount in controversy for diversity jurisdiction purposes. *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001). In light of the available uncapped punitive damages, that amount could be potentially doubled or trebled. As set forth above, the quantum of damages and restitution combined could total over ████████ . Even assuming a one-to-one ratio between the monetary recovery and a potential punitive damage award, punitive damages could equal $25 million. Plaintiff and the class would thus be entitled to a total recovery of approximately $50 million.

(4)     Moreover, if the class action is successful, the class would be entitled to recover attorneys' fees. Courts have held that an award of attorneys' fees, if such fees are specifically authorized by statute, may be considered for

---

[1] Boiron estimates the potential number of class members is approximately ████ , based upon total sales in California of ████████ at an average sale price of $ ███ ( ████████ in total sales divided by ████████ yields a unit average of ████████

9

5125737

purposes of calculating the amount in controversy.  *See Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1011 (N.D. Cal. 2002) ("Where the law entitles the prevailing plaintiff to recover reasonable attorney fees, a reasonable estimate of fees likely to be incurred to resolution is part of the benefit permissibly sought by the plaintiff and thus contributes to the amount in controversy.").  Here, if Plaintiff and/or the putative class succeed on the CLRA claim, recovery of attorneys' fees is statutorily authorized.  *See* Cal. Civ. Code § 1780(e).

        (a)    In this Circuit, district "[c]ourts recognize two methods for calculating attorney fees in civil class actions: lodestar/multiplier method and the percentage of recovery method." *Wershba v. Apple Computer, Inc.*, 91 Cal. App. 4th 224, 254 (2001).  In determining fees pursuant to the first method, "the lodestar is calculated by multiplying the reasonable hours expended by a reasonable hourly rate.  The court may then enhance the lodestar with a multiplier, if appropriate." *Id.* Where a "common fund" is used to distribute damages and restitution, courts in this circuit generally use "25% of the common fund as a benchmark award for attorney fees." *Staton v. Boeing Co.*, 327 F.3d 938, 968 (9th Cir. 2003) (citing *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998).

        (b)    Assuming the $ 50 million in damages and restitution is disbursed through a common fund, Boiron faces a potential attorneys' fees award in excess of $6.25 million.

        (5)    Furthermore, Plaintiff and the purported class seek injunctive relief.

10

5125737

1   Costs of compliance with an injunction are relevant in ascertaining whether the

2   amount in controversy is satisfied. *See Guglielmino v. McKee Food Corp.*, 506

3

4   F.3d 696, 701 (9th Cir. 2007) (removal is proper under CAFA where defendants

5   make a showing that the aggregate costs of complying with the requested injunctive

6   relief will likely exceed $5,000,000).  Moreover, according to the Report of the

7

8   Senate Judiciary Committee on the Act:

9           [I]n assessing the jurisdictional amount in declaratory relief cases, the
10          federal court should include in its assessment the value of all relief
            and benefits that would logically flow from the granting of the
11          declaratory relief sought by claimants.  For example, a declaration that
            a defendant's conduct is unlawful or fraudulent will carry certain
12          consequences, such as the need to cease and desist from that conduct,
13          that will often 'cost' the defendant in excess of $5,000,000.

14  S. REP. 109-14 (2005), *43, 2005 U.S.C.C.A.N. 3, **41.  As such, the amount in

15

16  controversy must include not only the amount of damages that the putative class

17  would receive, but also the costs of complying with any injunctive relief ordered in

18

19  this action pursuant to the class claims.    Pursuant to the CLRA, Plaintiff

20  individually and on behalf of the purported class seeks an injunction barring any

21  practice set forth in the Complaint. Ex. 2 ¶ 36(a). As Plaintiff challenges the label

22

23  claims for Children's Coldcalm, this request effectively seeks to prevent Boiron

24  from providing the product to retailers, effectively pulling Children's Coldcalm

25  from California stores. Land Decl. ¶ 16.

26

27          (a)    The costs complying with such an order make clear the amount

28  at issue in this case exceeds $5 million, and Plaintiff does not allege otherwise in

                                            11
                              **NOTICE OF REMOVAL**

the Complaint.  Indeed, according to a study released by the American Society for Quality in August 2003, each product recall costs an organization "more than $8 million on average in reimbursement to the customer, recall implementation costs, and compensatory damages.  This figure does not include lost sales and lost market share."  *Quality Progress*, Vol. 36, No. 8, August 2003, pp. 41-49 (available at http://asq.org/qic/display-item/index.pl?item=19199); *see also*, ABA Section of Business Law, Business Law Today, September/October 1999 ("More recently, Casablanca Fan Co.'s recall in 1997 affected 3.3 million ceiling fans with a retail value of $700 million.  Similarly, Black & Decker's recall in 1997 of 750,000 coffee makers affected retail sales of approximately $49 million.") (available at http://www.abanet.org/buslaw/blt/9-1recall.html).

(b)   Injunctive relief would not only require a recall of all of Children's Coldcalm in California, but could require Boiron to recall products throughout the United States and abroad, for which it would incur significant costs. Land Decl. ¶ 16 -19.  Boiron provides Children's Coldcalm to national chains and online retailers; it would be unable to prevent those retailers from selling in California Children's Coldcalm as currently packaged.  *Id.* ¶ 16.  Thus, in order to protect Boiron's interests and ensure it is not deemed to have violated any potential injunction, Boiron would have to engage in a nationwide recall and redesign of Children's Coldcalm packaging.  *Id.* Moreover, retailers have policies which preclude California specific labeling.   For instance, Rite Aid will only carry

12

products uniformly labeled in its stores in the 48 states. *Id.*

(i)   Boiron estimates there are currently ▮▮▮▮▮ of Children's Coldcalm on store shelves throughout the United States of those ▮▮▮ are in the possession of retailers in California.   *Id.*   ¶ 15.   Boiron typically spends approximately ▮▮▮▮ in shipping and handling costs to distribute Children's Coldcalm to retailers across the United States.   *Id.* ¶ 17.   Similar expenditures would be required to recall of the previously distributed product.   *Id.*

(ii)   Additionally, Boiron has ▮▮▮▮▮ of Children's Coldcalm packaged and ready for distribution at its facilities, which would have to be repackaged to comply with any injunction issued by the court. *Id.* ¶ 15.

(iii)   Boiron would be forced to spend approximately ▮▮▮ per thousand units to have new product labels printed and ▮▮▮ per thousand units to repackage them. *Id.* ¶ 18.   This could amount to an additional ▮▮▮ in printing costs and 35,000 in packaging expenses.[2]

(iv)   Pursuant to any recall, Boiron would be subject to paying out refunds to retailers and/or consumers equaling its total sales for Children's Coldcalm – approximately ▮▮▮▮. *Id.* ¶ 13.

(v)   Furthermore, Boiron could also lose approximately ▮▮▮▮▮ in sales per anum, including not only the time Children's Coldcalm

---

[2] Approximately ▮▮▮▮ at ▮▮ per thousand (▮▮▮▮) equals ▮▮▮ to print new labels and ▮▮▮ at $ ▮▮ per thousand (▮▮▮▮) equals ▮▮▮.

13

5125737

would be off the shelves to implement a recall and package redesign; "but also the loss of customer confidence – both at the retail and consumer level – that might result from a recall. Indeed, such an event could cause Boiron USA to suffer lost sales for its other products as well." *Id.* ¶ 19.

13.   Although Boiron denies that it is liable to any individual or that class treatment is appropriate for this case, removal is proper pursuant to 28 U.S.C. § 1332(d) and 1453 because the state court action is an action between citizens of different states, on behalf of a putative class numbering "tens of thousands," and involves an amount in excess of $5,000,000.

## Removal Pursuant to §§ 1332(a) and 1441

14.   Alternatively, this Court has original diversity jurisdiction over this action pursuant to 28 U.S.C. Section 1332(a), and this matter may be removed to this Court under the provisions of 28 U.S.C. Sections 1441(a) and (b) in that the amount in controversy exceeds $75,000, exclusive of interest and costs, the action involves citizens of different States, and no defendant is a citizen of California. As noted above, complete diversity exists and Boiron is not a citizen of California.

a.   The matter in controversy exceeds $75,000 as to Plaintiff individually. *Sanchez v. Monumental Life Ins. Co.*, 102 F. 3d 398, 403-04 (9th Cir. 1996); *Luckett v. Delta Airlines, Inc.*, 171 F. 3d 295, 298 (9th Cir. 1999).

b.   Plaintiff does not allege that damages are less than $75,000. Indeed, Plaintiff filed this action as an "unlimited civil action," which pursuant to

14

5125737

California civil procedure rules requires that the action involve more than $25,000. Thus, Plaintiff concedes that the Complaint seeks, at a minimum, $25,000.

c.   Additionally, Plaintiff prays for "actual damages," "punitive damages," "statutory damages of no less than $1,000 per class member," "statutory damages of $5,000 for each class member who is a senior citizen," "restitution," "incidental and consequential damages, interest, and reasonable attorneys' fees," and costs. Ex. 2 ¶¶ 36, 41, 42, 46, and Prayer for Relief. Plaintiff would thus be entitled to the sum of: the cost of Children's Coldcalm as restitution, which she alleges cost $10 per unit (Ex. 2 ¶ 9); the cost of Children's Coldcalm as actual damages; and $1,000 or $5,000 in statutory damages (depending upon her age).

d.   In addition to that amount, Plaintiff also prays for attorneys' fees, which would be considered in ascertaining the amount at issue in this case. Ex. 2 ¶¶ 41, 42, 46, and Prayer for Relief. "[W]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy" in a class action. *Lowdermilk v. United States Bank Nat'l Assoc.*, 479 F.3d 994, 1000 (9th Cir. 2007). In the instant case, the CLRA authorizes the recovery of attorneys' fees if Plaintiff succeeds on that claim. *See* Cal. Civ. Code § 1780(e).

e.   Fees in CLRA cases similar to the instant case equate to millions of dollars. This case will involve extensive class certification-related discovery and briefing, as well as, dispositive motion briefing and hearing before trial, statutory

15

attorney's fees demands put the amount in controversy well-over $75, 000.  *See, e.g., Guglielmino v. McKee Food Corp.*, 506 F.3d 696, 700 (9th Cir. 2007); *see also Gait G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-1156 (9th Cir. 1998).   Plaintiff would stand to recover the entire sum of attorneys' fees should class certification be denied.

f.     Plaintiff seeks uncapped punitive damages, which are relevant in ascertaining the amount in controversy for diversity jurisdiction purposes. *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001).  Plaintiff has not placed any caps or limits on any of these items of possible recovery.  These demands confirm that the amount in controversy well exceeds $75,000.  *See, e.g., Cucci v. Edwards*, 510 F. Supp. 2d 479, 485 (C.D. Cal. 2007) (finding matter in controversy exceeded $75,000 where plaintiff sought disgorgement of all unjust profits received by defendants).

g.     As discussed above, Plaintiff seeks an injunction on behalf of herself and the purported class.  Where injunctive relief is at issue, "the pecuniary result to either party which the judgment would directly produce" is relevant in determining whether the jurisdictional amount is satisfied.  *In re Ford Motor Co./Citibank (S.D.), N.A.*, 264 F.3d 952, 958 (9th Cir. 2001).  Pursuant to the injunction Plaintiff seeks, Boiron USA would have to institute a national recall.  Land Decl. ¶ 16-19. As more fully set forth above, if Boiron were enjoined from offering Children's Coldcalm for sale in California in its current packaging, the cost of compliance

16

would easily exceed $75,000. *Id.*

h.    Moreover, given that Plaintiff may also be entitled to an incentive payment as the named plaintiff in this action, which routinely amounts to thousands of dollars, that payment coupled with Plaintiff's share of the potential recovery on the various causes of actions alleged,  further satisfies the jurisdictional amount. *See, e.g., In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 463 (9th Cir.2000); *see also In re U.S. Bancorp Litig.*, 291 F.3d 1035, 1038 (8th Cir.2002) (approving $2,000 incentive awards to five named plaintiffs out of a class potentially numbering more then 4 million in a settlement of $3 million); *In re SmithKline Beckman Corp. Sec. Litig.*, 751 F.Supp. 525, 535 (E.D.Pa.1990) (approving $5,000 awards for one named representative of each of nine plaintiff classes involving more than 22,000 claimants in a settlement of $22 million).

15.    Should Plaintiff succeed on her individual claim, millions of dollars would be at issue in this case, bringing the total amount at issue well above the $75,000 jurisdictional threshold.

16.    Therefore, removal is proper pursuant to Sections 1332(a) and 1441, as complete diversity exists between the parties and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs as to Plaintiff, individually.

### III.    OTHER STATUTORY REQUIREMENTS FOR REMOVAL ARE SATISFIED

NOTICE OF REMOVAL

5125737

17.     Venue is proper in this district, pursuant to 28 U.S.C. Section 1441(a), because Plaintiff filed her action in the Superior Court of the State of California for the County of Orange.  The Southern Division of the United States District Court for the Central District of California is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

18.     Defendant will promptly serve Plaintiff with this Notice of Removal and will promptly file a copy of this Notice of Removal with the clerk of the Superior Court of the State of California for the County of Orange, where the action is pending, as required under 28 U.S.C. Section 1446(d).

19.     Defendant reserves the right to amend or supplement this Notice of Removal.

20.     Defendant reserves all defenses, and the filing of this Notice of Removal is subject to, and without waiver of, any available defenses.

WHEREFORE, Defendant Boiron respectfully removes this action from the Superior Court of the State of California in and for the County of Orange to this Court.

18

**NOTICE OF REMOVAL**

5125737

Date:  October 14, 2010

Respectfully submitted,

/s/ J. Thomas Gilbert

J. Thomas Gilbert
PATTON BOGGS LLP
2000 McKinney Avenue
Suite 1700
Dallas, Texas 75201
Telephone:   (214) 758-1500
Facsimile:    (214) 758-1550

*Attorney for Defendant, Boiron USA, Inc.*

1

## PROOF OF SERVICE

2

3      I, Rhonda L. Thomas, the undersigned, say:  I am over the age of 18 years and not a party to the within action or proceeding.  My business address is 2000 McKinney Avenue Suite 1700, Dallas, Texas 75201.

4

5      On October 14, 2010, I served the foregoing document described as **NOTICE OF REMOVAL OF ACTION PURSUANT TO FEDERAL COURT UNDER 28 U.S.C. SECTION 1441** on all interested parties listed below in this action by placing copies thereof as follows:

6

7

Newport Trial Group

8

Scott J. Ferrell

Ryan M. Ferrell

9

610 Newport Center Drive, Suite 700

10

Newport Beach, California 92660

11      [ ] **BY MAIL** – I deposited such envelope in the mail at Dallas, Texas, with first class postage thereon fully prepaid.  I am readily familiar with the business practice for collection and processing of correspondence for mailing.  Under that practice it is deposited with the United States Postal Service on that same day, at Dallas, Texas, in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than on (1) day after the date of deposit for mailing in affidavit; and/or

12

13

14

15      [ ] **BY PERSONAL SERVICE** – I delivered by or [ ] I caused to be delivered via messenger service, such envelope to the offices of the addressee with delivery time prior to 5:00 p.m. on the date specified above.

16

17      [ ] **BY FACSIMILE TRANSMISSION** – I caused such document to be transmitted to the offices of the addressee(s) via facsimile machine, prior to 5:00 P.M. (Pacific) on the date specified above.

18

19      [X] **BY OVERNIGHT COURIER** – I deposited such envelope(s) in a regularly maintained overnight courier parcel receptacle prior to the time listed for pick-up.  Hand delivery was guaranteed by the next business day.

20

21      I declare that I am employed in the office of a member of a bar of this Court at whose direction the service was made.  I declare under penalty of perjury that the foregoing is true and correct.

22

23      Executed on October 14, 2010, at Dallas, Texas.

24

25

26      Rhonda L. Thomas

27

28

20

**PROOF OF SERVICE**

# Exhibit
# 1

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

BOIRON USA, INC., a corporation of unknown origin; and DOES 1-20, Inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

GINA DELAROSA, individually, and on behalf of all others similarly situated,

| FOR COURT USE ONLY |
|---|
| *(SOLO PARA USO DE LA CORTE)* |
| **ELECTRONICALLY FILED** |
| SUPERIOR COURT OF CALIFORNIA |
| COUNTY OF ORANGE |
| CIVIL COMPLEX CENTER |
| **Aug 31 2010** |
| ALAN CARLSON, Clerk of the Court |
| by M. DEMARIA |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: *(El nombre y dirección de la corte es):* Orange County Superior Court Complex 751 West Santa Ana Blvd., Santa Ana, CA 92701 | **CASE NUMBER:** *(Número del Caso):* 30-2010-00404262 |

HON. DAVID C. VELASQUEZ
DEPT CX101

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Newport Trial Group, 610 Newport Center Dr., #700, Newport Beach, CA 92660 (949) 706-6464

| DATE: 08/31/2010 ALAN CARLSON *(Fecha)* | Clerk, by *(Secretario)* MARGARET DEMARIA | , Deputy *(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*
3. [✓] on behalf of *(specify):* Boiron USA Inc., a corporation of unknown origin

under: [✓] CCP 416.10 (corporation)  [ ] CCP 416.60 (minor)
[ ] CCP 416.20 (defunct corporation)  [ ] CCP 416.70 (conservatee)
[ ] CCP 416.40 (association or partnership)  [ ] CCP 416.90 (authorized person)
[ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

Scott J. Ferrell, 202091
NEWPORT TRIAL GROUP
610 Newport Center Drive, Suite 700
Newport Beach, CA 92660
TELEPHONE NO.: (949) 706-6464    FAX NO.: (949) 706-6469
ATTORNEY FOR *(Name):* Plaintiff and the Class

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE
STREET ADDRESS: 751 West Santa Ana Blvd.
MAILING ADDRESS:
CITY AND ZIP CODE: Santa Ana, CA 92701
BRANCH NAME: Complex Civil Center

**ELECTRONICALLY
FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CIVIL COMPLEX CENTER

**Aug 31 2010**

ALAN CARLSON, Clerk of the Court
by M. DEMARIA

CASE NAME:
DELAROSA v. BOIRON, et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: 30-2010-00404262 |
|---|---|---|
| ✓ Unlimited (Amount demanded exceeds $25,000) | ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter  ☐ Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: DAVID C. VELASQUEZ  DEPT: CX101 |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
✓ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ✓ is  ☐ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ✓ Large number of separately represented parties
   b. ✓ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ✓ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ✓ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ✓ monetary  b. ✓ nonmonetary; declaratory or injunctive relief  c. ✓ punitive
4. Number of causes of action *(specify):* Three
5. This case ✓ is  ☐ is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: August 31, 2010

Scott J. Ferrell
_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
*www.courtinfo.ca.gov*

SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE

## ALTERNATIVE DISPUTE RESOLUTION (ADR)
## INFORMATION PACKAGE

### NOTICE TO PLAINTIFF(S) AND/OR CROSS-COMPLAINANT(S):

**Rule 3.221(c) of the California Rules of Court requires you to serve a copy of the ADR Information Package along with the complaint and/or cross-complaint.**

California Rules of Court – Rule 3.221
Information about Alternative Dispute Resolution (ADR)

(a) Each court shall make available to the plaintiff, at the time of filing of the complaint, an ADR Information Package that includes, at a minimum, all of the following:

(1) General information about the potential advantages and disadvantages of ADR and descriptions of the principal ADR processes.

(2) Information about the ADR programs available in that court, including citations to any applicable local court rules and directions for contacting any court staff responsible for providing parties with assistance regarding ADR.

(3) Information about the availability of local dispute resolution programs funded under the Dispute Resolutions Program Act (DRPA), in counties that are participating in the DRPA. This information may take the form of a list of the applicable programs or directions for contacting the county's DRPA coordinator.

(4) An ADR stipulation form that parties may use to stipulate to the use of an ADR process.

(b) A court may make the ADR Information Package available on its Web site as long as paper copies are also made available in the clerk's office.

(c) The plaintiff must serve a copy of the ADR Information Package on each defendant along with the complaint. Cross-complainants must serve a copy of the ADR Information Package on any new parties to the action along with the cross-complaint.

# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF ORANGE

### ADR Information

**Introduction.**

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts and others offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. ADR is usually less formal, less expensive, and less time-consuming than a trial. ADR can also give people more opportunity to determine when and how their dispute will be resolved.

**BENEFITS OF ADR.**

Using ADR may have a variety of benefits, depending on the type of ADR process used and the circumstances of the particular case. Some potential benefits of ADR are summarized below.

**Save Time.** A dispute often can be settled or decided much sooner with ADR; often in a matter of months, even weeks, while bringing a lawsuit to trial can take a year or more.

**Save Money.** When cases are resolved earlier through ADR, the parties may save some of the money they would have spent on attorney fees, court costs, experts' fees, and other litigation expenses.

**Increase Control Over the Process and the Outcome.** In ADR, parties typically play a greater role in shaping both the process and its outcome. In most ADR processes, parties have more opportunity to tell their side of the story than they do at trial. Some ADR processes, such as mediation, allow the parties to fashion creative resolutions that are not available in a trial. Other ADR processes, such as arbitration, allow the parties to choose an expert in a particular field to decide the dispute.

**Preserve Relationships.** ADR can be a less adversarial and hostile way to resolve a dispute. For example, an experienced mediator can help the parties effectively communicate their needs and point of view to the other side. This can be an important advantage where the parties have a relationship to preserve.

**Increase Satisfaction.** In a trial, there is typically a winner and a loser. The loser is not likely to be happy, and even the winner may not be completely satisfied with the outcome. ADR can help the parties find win-win solutions and achieve their real goals. This, along with all of ADR's other potential advantages, may increase the parties' overall satisfaction with both the dispute resolution process and the outcome.

**Improve Attorney-Client Relationships.** Attorneys may also benefit from ADR by being seen as problem-solvers rather than combatants. Quick, cost-effective, and satisfying resolutions are likely to produce happier clients and thus generate repeat business from clients and referrals of their friends and associates.

**DISADVANTAGES OF ADR.**

ADR may not be suitable for every dispute.

**Loss of protections.** If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.

**Less discovery.** There generally is less opportunity to find out about the other side's case with ADR than with litigation. ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.

**Additional costs.** The neutral may charge a fee for his or her services. If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit.

**Effect of delays if the dispute is not resolved.** Lawsuits must be brought within specified periods of time, known as statues of limitation. Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.

TYPES OF ADR IN CIVIL CASES.

The most commonly used ADR processes are arbitration, mediation, neutral evaluation and settlement conferences.

**Arbitration.** In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." *Binding arbitration* means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. Generally, there is no right to appeal an arbitrator's decision. *Nonbinding* arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision.

> **Cases for Which Arbitration May Be Appropriate.** Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

> **Cases for Which Arbitration May <u>Not</u> Be Appropriate.** If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

**Mediation.** In mediation, an impartial person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

> **Cases for Which Mediation May Be Appropriate.** Mediation may be particularly useful when parties have a relationship they want to preserve. So when family members, neighbors, or business partners have a dispute, mediation may be the ADR process to use. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

> **Cases for Which Mediation May <u>Not</u> Be Appropriate.** Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

**Neutral Evaluation.** In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is

often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

**Cases for Which Neutral Evaluation May Be Appropriate.** Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

**Cases for Which Neutral Evaluation May Not Be Appropriate.** Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

**Settlement Conferences.** Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

## ADDITIONAL INFORMATION.

In addition to mediation, arbitration, neutral evaluation, and settlement conferences, there are other types of ADR, including conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR types. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute.

To locate a dispute resolution program or neutral in your community:
- Contact the California Department of Consumer Affairs, Consumer Information Center, toll free, 1-800-852-5210
- Contact the Orange County Bar Association at (949) 440-6700
- Look in the Yellow Pages under "Arbitrators" or "Mediators"

Free mediation services are provided under the Orange County Dispute Resolution Program Act (DRPA) For information regarding DRPA, contact:
- Community Service Programs, Inc. (949) 851-3168
- Orange County Human Relations (714) 834-7198

For information on the Superior Court of California, County of Orange court ordered arbitration program, refer to Local Rule 360.

The Orange County Superior Court offers programs for Civil Mediation and Early Neutral Evaluation (ENE). For the Civil Mediation program, mediators on the Court's panel have agreed to accept a fee of $300 for up to the first two hours of a mediation session. For the ENE program, members of the Court's panel have agreed to accept a fee of $300 for up to three hours of an ENE session. Additional information on the Orange County Superior Court Civil Mediation and Early Neutral Evaluation (ENE) pilot programs is available on the Court's website at www.occourts.org.

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name & Address):* | *FOR COURT USE ONLY* |
|---|---|
| Telephone No.:                          Fax No. (Optional): <br> E-Mail Address (Optional): <br> ATTORNEY FOR *(Name):*                          Bar No.: | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**
JUSTICE CENTER:
☐ Central - 700 Civic Center Dr. West, Santa Ana, CA 92701-4045
☐ Civil Complex Center - 751 W. Santa Ana Blvd., Santa Ana, CA 92701-4512
☐ Harbor-Laguna Hills Facility – 23141 Moulton Pkwy., Laguna Hills, CA 92653-1251
☐ Harbor – Newport Beach Facility – 4601 Jamboree Rd., Newport Beach, CA 92660-2595
☐ North – 1275 N. Berkeley Ave., P.O. Box 5000, Fullerton, CA 92838-0500
☐ West – 8141 13th Street, Westminster, CA 92683-0500

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| **ALTERNATIVE DISPUTE RESOLUTION (ADR) STIPULATION** | CASE NUMBER: |
|---|---|

Plaintiff(s)/Petitioner(s),_____

_____

and defendant(s)/respondent(s), _____

_____

agree to the following dispute resolution process:

☐  Mediation

☐  Arbitration (must specify code)
　　☐ Under section 1141.11 of the Code of Civil Procedure
　　☐ Under section 1280 of the Code of Civil Procedure

☐  Neutral Case Evaluation

The ADR process must be completed no later than 90 days after the date of this Stipulation or the date the case was referred, whichever is sooner.

☐  I have an *Order on Court Fee Waiver* (FW-003) on file, and the selected ADR Neutral(s) are eligible to provide pro bono services.

☐  The ADR Neutral Selection and Party List is attached to this Stipulation.

We understand that there may be a charge for services provided by neutrals.  We understand that participating in an ADR process does not extend the time periods specified in California Rules of Court rule 3.720 et seq.

Date: _____     _____     _____
　　　　　　　　　　　　　　(SIGNATURE OF PLAINTIFF OR ATTORNEY)　　(SIGNATURE OF PLAINTIFF OR ATTORNEY)

Date: _____     _____     _____
　　　　　　　　　　　　　　(SIGNATURE OF DEFENDANT OR ATTORNEY)　　(SIGNATURE OF DEFENDANT OR ATTORNEY)

**ALTERNATIVE DISPUTE RESOLUTION (ADR) STIPULATION**

Approved for Optional Use　　　　　　　　　　　　　　　　　　California Rules of Court, rule 3.221
L1270 (Rev. January 2010)

# Exhibit
# 2

NEWPORT TRIAL GROUP
Scott J. Ferrell, Bar No. 202091
Ryan M. Ferrell, Bar No. 258037
610 Newport Center Drive, Suite 700
Newport Beach, CA 92660
Tel: (949) 706-6464
Fax: (949) 706-6469

Attorneys for Plaintiff and the Class

ELECTRONICALLY FILED
Superior Court of California,
County of Orange
08/31/2010 at 02:29:31 PM
Clerk of the Superior Court
By Margaret M Demaria, Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF ORANGE

GINA DELAROSA, individually, and on behalf of all others similarly situated,

　　　　　　Plaintiffs,

　　　vs.

BOIRON USA, INC., a corporation of unknown origin; and DOES 1-20, Inclusive,

　　　　　　Defendants.

Case No.　30-2010-00404262-CU-MT-CXC

**CLASS ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

HON. DAVID C. VELASQUEZ

DEPT CX101

## I.　INTRODUCTION

　　Defendants are defrauding Californians by claiming that a tablet called "Children's Coldcalm" pellets, will provide relief from: sneezing, runny nose, nasal congestion, sinus pain, headaches, and sore throat.

　　These assertions would be welcomed by many if they were accurate, but the claims are absolutely false. The product is nothing more than a sugar tablet. Plaintiff brings this lawsuit to enjoin ongoing deceptions and to recover the profits generated by these false and misleading claims.

///

///

///

NEWPORT TRIAL
GROUP

## II.    THE PARTIES

1.    GINA DELAROSA ("Plaintiff") is a resident of California who purchased Children's Coldcalm.

2.    BOIRON USA, Inc., ("Defendant") is the manufacturer and distributor of Children's Coldcalm, and is a business entity organized pursuant to the laws of Pennsylvania that does business in California.

3.    Plaintiff does not know the true names or capacities of the persons, or entities, sued herein as DOES 1 to 20, and therefore, sues such defendants by such fictitious names.  Plaintiff is informed and believes and thereon alleges that each of the DOE defendants is in some manner legally responsible for the damages suffered by Plaintiff and the members of the class as alleged herein.  Plaintiff will amend this Complaint to set forth the true names and capacities of these defendants when they have been ascertained, along with appropriate charging allegations, as may be necessary.

## III.    JURISDICTION AND VENUE

4.    This Court has jurisdiction over all causes of action asserted herein pursuant to the California Constitution.  This case involves an area of law reserved for state courts, as it neither challenges whether the product is marketed in accordance with customary homeopathic theory nor does it infringe upon the federal government's interest in assuring that homeopathic products are properly labeled and packaged.  Rather, this lawsuit sounds in fraud and involves consumers who have suffered cognizable injury, advances legitimate state concerns in ensuring that marketers do not make misleading claims beyond the scope of regulation by federal law, and is thus outside of the Federal Drug Administration's regulatory role.  Further, this case involves conduct unknown by the Federal Drug Administration until the time a product is marketed, and advances California's very significant interest in ensuring truth in advertising.

5.    Venue is proper in this Court because Defendants have received substantial compensation from sales in this County.  Specifically, each Defendant knowingly engages in activities directed at consumers in this County, and each Defendant obtains substantial benefits from the

///

- 2 -
CLASS ACTION COMPLAINT

1   Defendants' common scheme perpetrated in this County.  Plaintiff has filed concurrently herewith the

2   declaration of venue required by Civil Code Section 1780(d).

3          6.      Defendants and other out-of-state participants can be brought before this Court pursuant

4   to California's "long-arm" jurisdictional statute.

5

6                               IV.     FACTS

7          7.      Children's Coldcalm is nothing more than a sugar tablet.  Defendant uniformly

8   advertises that Children's Coldcalm will relieve the common cold, including: sneezing, runny nose,

9   nasal congestion, sinus pain, headaches, and sore throat.  True and correct copies of these advertising

10  claims are attached to this Complaint as Exhibit 1 and Exhibit 2.

11         8.      Earlier this year, Plaintiff purchased Children's Coldcalm.  She did so after reading,

12  believing, and relying upon the advertising claims attached as Exhibits 1 and 2.  Plaintiff's family used

13  Children's Coldcalm as directed, but did not obtain the results promised by Defendant's advertising.  It

14  was worthless to them and provided no benefits.  In reality, Children's Coldcalm has no impact on the

15  common cold.

16         9.      Defendants sell Children's Coldcalm for approximately $10.00 per unit based on the

17  preceding false advertising claims.  As a result, Defendants have wrongfully taken hundreds of

18  thousands of dollars from California consumers.

19         10.     Children's Coldcalm appeals to consumers because of its labeling as a homeopathic

20  medicine.

21

22  A.     Homeopathy

23         11.     Children's Coldcalm belongs to a class of medicine known as "natural" or

24  "homeopathic" as prominently advertised on the packaging of Children's Coldcalm.

25         12.     While marketed as drugs effective in the treatment for any ailment or condition,

26  homeopathic "drugs" are not held to the same rigorous standards as other drugs.  This can and has lead

27  to serious confusion.  At times, as shown by Children's Coldcalm, this confusion crosses the line into

28  intentional deception and fraud.  Defendant is attempting to have its cake and eat it too.  Defendant is

NEWPORT TRIAL
GROUP

- 3 -
CLASS ACTION COMPLAINT

taking advantage of the public's desire for natural products, but also deceiving the public into believing that Children's Coldcalm is an effective, regulated drug that is held to the same standards as true medical drugs.

13.     Homeopathic drugs are not classified as such by demonstrated effectiveness, but by "provings" conducted in the 1800's and early 1900's. These "provings" did not show effectiveness in curing ailments.  In fact, the "provings" showed that the homeopathic substance caused symptoms similar to those of the ailment.  These "provings" were based on the "law of similars"—a notion that symptoms of disease, ailment, or condition can be cured by extremely small amounts of substances that produce similar symptoms in healthy people when administered in large amounts.

14.     After being subjected to "provings" (showing that the substance was suspected to cause the same symptoms as a specific ailment or condition), homeopathic solutions were then included in the Homeopathic Pharmacopeia.  The 1938 Federal Food, Drug, and Cosmetic Act ("FDCA") recognized as drugs all substances included in the Homeopathic Pharmacopeia of the United States. However, neither the Food & Drug Administration ("FDA") nor any law recognizes the drugs as effective to treat anything; it recognizes them as fit for human consumption in very small quantities. Even the Homeopathic Pharmacopeia does not list its drugs as fit to treat specific symptoms, ailments, or conditions.  The Homeopathic Pharmacopeia actually describes how the drugs are prepared for homeopathic use and leaves the decision for reason for use up to the practitioner (or manufacturer).

**B.     Homeopathic Effectiveness**

15.     The effectiveness of homeopathy has been in dispute since its inception.  There have been numerous "studies" that claim to prove the effectiveness of homeopathic remedies.  However, when these studies are scrutinized, none has held up.  For example, in 2005, the Government of Switzerland conducted 110 placebo-controlled homeopathy trials.  The study found that any positive clinical effects of homeopathy are nothing more than placebo effects.

16.     Health organizations such as the American Medical Association and the National Health Service have issued statements that there is no scientific evidence to support the use of homeopathic treatments in medicine.  Even homeopathy's own supporters, such as the National Center

1   for Complementary and Alternative Medicine, admit that "[t]here is [] no condition for which

2   homeopathy has been proven to be an effective treatment."

3

4   **C.    Homeopathic Drug Preparation**

5       17.    Homeopathic remedies are prepared through repeated dilution ("succussion") of

6   "natural" ingredients. This serial dilution also includes repeated shaking and striking of the substance.

7   This process is posited to increase the effectiveness of the substance even if after the dilutions none of

8   the original substance remains.  The homeopathic ingredients in Children's Coldcalm range from

9   various flowers, vegetables, insects, metals, and poison.  In order to not poison a user, the dilutions in

10  Children's Coldcalm are claimed to be up to 3C and 6C.

11      18.    To give an idea of the magnitude of the dilution, a 6C dilution gives one part ingredient

12  to 1 trillion parts of the solution.  Dilutions to this extent leave the solution with no trace of the

13  original ingredient.

14      19.    The idea that a substance could be completely physically lacking and still be effective

15  violates fundamental principles of science.  In lower dilutions, the original substance is theoretically

16  present though not detectable even through the use of sensitive chemical analysis.

17      20.    That a substance can be effective without actually being present or by being present in

18  such small quantities as to not be detectable runs contrary to dose-response relationship established by

19  pharmacology.

20      21.    Defendant produces expensive sugar tablets and plays off of consumers' trust and fears.

21  Consumers trust Defendant because Defendant misleads the consumer into believing that: 1) the

22  ingredients in Children's Coldcalm have been proven effective and deemed as such by the FDA; 2)

23  Defendant's ideas about medicine and treatment have been proven effective; and 3) the ingredients in

24  Children's Coldcalm are actually present in Children's Coldcalm.  The facts are: 1) the FDA has never

25  deemed the Children's Coldcalm as effective against any ailment or condition; 2) Defendants

26  treatments have never been proven effective, nor can they be since the tablets contain none of its

27  purported active ingredients; and 3) serial dilutions, such as those claimed by Defendant, render the

28  ingredients non-existent.

NEWPORT TRIAL
GROUP

- 5 -

CLASS ACTION COMPLAINT

## V.    CLASS ACTION ALLEGATIONS

22.    Plaintiff brings this class action for damages and other monetary relief on behalf of the following class:

> All persons located within California who purchased Children's Coldcalm for personal use at any time during the four years preceding the filing of this Complaint (the "Class").

23.    Excluded from the Class are governmental entities, Defendants, any entity in which defendants have a controlling interest, and Defendants' officers, directors, affiliates, legal representatives, employees, co-conspirators, successors, subsidiaries, and assigns. Also excluded from the Class is any judge, justice, or judicial officer presiding over this matter and the members of their immediate families and judicial staff.

24.    NUMEROSITY: The proposed Class is so numerous that individual joinder of all its members is impracticable. Due to the nature of the trade and commerce involved, however, Plaintiff believes that the total number of Class members is at least in the tens of thousands and members of the Class as numerous and geographically dispersed across California. While the exact number and identities of the Class members are unknown at this time, such information can be ascertained through appropriate investigation and discovery.

25.    COMMONALITY: There is a well-defined community of interest in the questions of law and fact involved affecting the class and these common questions predominate over any questions that may affect individual Class members. Common questions of fact and law include, but are not limited to, the following:

    a.    Are the Children's Coldcalm claims misleading?

    b.    Have consumers suffered injury by relying upon false advertising?

26.    TYPICALITY: Plaintiff's claims are typical of the claims of the members of the Class. Plaintiffs and all members of the Class have been similarly affected by Defendants' common course of conduct since they all purchased Children's Coldcalm for personal use after Defendants made the claim that Children's Coldcalm will provide relief for the common cold.

///

NEWPORT TRIAL
GROUP

CLASS ACTION COMPLAINT

27.     ADEQUACY: Plaintiff will fairly and adequately represent and protect the interests of the Class.  Plaintiff has no interest adverse to that of the class.  Plaintiff has retained counsel with substantial experience in handling complex class action litigation.  Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the Class.  Plaintiff has retained counsel that are widely recognized as some of the most successful and effective class action litigators in California, who frequently lecture at approved MCLE seminars regarding class action strategy, and whose trial victories have been publicized on CNN, Fox News, MSNBC, and nearly every major California newspaper.  Plaintiff's counsel has also been certified as lead class counsel in similar class actions.

28.     SUPERIORITY: A class action is superior to other available methods for the fair and efficient adjudication of the present controversy.  Individual joinder of all members of the class is impracticable.  Even if individual class members had the resources to pursue individual litigation, it would be unduly burdensome to the courts in which the individual litigation would proceed. Individual litigation magnifies the delay and expense to all parties in the court system of resolving the controversies engendered by Defendants' common course of conduct.  The class action device allows a single court to provide the benefits of unitary adjudication, judicial economy, and the fair and efficient handling of all class members' claims in a single forum.  The conduct of this action as a class action conserves the resources of the parties and of the judicial system and protects the rights of the class members.  Furthermore, for many, if not all, a class action is the only feasible mechanism that allows an opportunity for legal redress and justice.  Adjudication of individual class members' claims with respect to the Defendants would, as a practical matter, be dispositive of the interests of other members not parties to the adjudication, and could substantially impair or impede the ability of other class members to protect their interests.

///

///

///

///

///

NEWPORT TRIAL
GROUP

- 7 -

## VI.   CAUSES OF ACTION

### FIRST CAUSE OF ACTION

### VIOLATION OF CALIFORNIA LEGAL REMEDIES ACT

#### (On Behalf of Plaintiff and Class against Defendants)

29.    Plaintiff incorporates by this reference the allegations contained in paragraphs 1 through 28 as if fully set forth herein and, to the extent necessary, pleads this cause of action in the alternative.

30.    Plaintiff has standing to pursue this claim as Plaintiff has suffered injury in fact and has lost money as a result of Defendant's actions as set forth herein.  Specifically, prior to the filing of this action, Plaintiff purchased Children's Coldcalm for her own personal use.  In so doing, she reviewed, believed, and relied upon each of the preceding marketing claims.

31.    Plaintiff consumed Children's Coldcalm as directed, but it did not work as advertised, nor did Plaintiff experience any of the promised benefits.  Children's Coldcalm was worthless to Plaintiff and the advertising claims attached as Exhibit 1 and 2 were false and misleading.

32.    Prior to filing this action, Plaintiff's counsel mailed to Defendants, by certified mail, return receipt requested, the written notice required by Civil Code Section 1782(a).  An accurate copy of that letter is attached to this Complaint as Exhibit 3.

33.    Plaintiff has filed concurrently herewith the declaration of venue required by Civil Code Section 1780(d).

34.    Defendant's wrongful business practices constituted, and constitute, a continuing course of conduct in violation of the California Consumer Legal Remedies Act since Defendants continuously and falsely represented Children's Coldcalm as having characteristics and benefits that it does not.  As such, Children's Coldcalm has injured Plaintiff and the Class.

35.    Plaintiff's primary goal in bringing this action is to enjoin the false marketing claims referenced above, and to recover restitution and damages for herself and the Class, and seeks all remedies available under the Consumer Legal Remedies Act.

///

///

NEWPORT TRIAL GROUP

CLASS ACTION COMPLAINT

36. Plaintiff and the Class seek:

(a) an order of this court enjoining Defendants from continuing to engage in unlawful, unfair, or deceptive business practices and any other act prohibited by law, including those set forth in the complaint pursuant to California Civil Code Section 1780(a)(2);

(b) actual damages pursuant to Civil Code Section 1780(a)(1);

(c) punitive damages pursuant to California Civil Code Section 1780(a)(4) due to the fraudulent, malicious, and willful nature of Defendant's conduct;

(d) statutory damages of no less than $1,000 per class member pursuant to California Civil Code Section 1780(a)(1);

(e) statutory damages of $5,000 for each class member who is a senior citizen as defined by California Civil Code Section 1761(f) or a disabled person as defined by California Civil Code Section 1761(g) and who has suffered substantial physical, emotional, or economic damages pursuant to California Civil Code Section 1780(b)(1); and

(f) any other equitable or legal relief that the Court deems proper pursuant to California Civil Code Section 1780(a)(5).

## SECOND CAUSE OF ACTION

### FRAUD

#### (On Behalf of the Class)

37. Plaintiff incorporates by this reference the allegations contained in paragraphs 1 through 36 as if fully set forth herein and, to the extent necessary, pleads this cause of action in the alternative.

38. Defendant approved and caused to be disseminated the false Children's Coldcalm claims. Defendant knew when it began making claims about Children's Coldcalm, and knows now, that its claims regarding Children's Coldcalm were false, contrary to established medical authority, and were likely to mislead consumers. These misrepresentations were prominently displayed on every

1    package of Children's Coldcalm, causing plaintiff and each class member to be subjected to the same

2    fraudulent labeling each time they purchased Children's Coldcalm.

3        39.    Defendant acted fraudulently and deceitfully with knowledge that Plaintiff and the

4    Class would rely on its actions and omissions.

5        40.    In purchasing Children's Coldcalm, Plaintiff expressly relied on the representations of

6    Defendant and had no reason to doubt or dispute those representations. Indeed, due to the uniformity

7    of the misrepresentations, Plaintiff and the Class at all times are presumed to have reasonably and

8    justifiably relied both directly and indirectly on the actions and representations of Defendant.

9        41.    As a direct and proximate result of Defendant's fraud, Plaintiff and the Class have

10   suffered actual damages in an amount not presently known, but which will be shown by proof at time

11   of trial, including incidental and consequential damages, interest, and reasonable attorneys' fees.

12       42.    Plaintiff is informed and believes and thereon alleges that Defendant undertook the

13   aforesaid illegal acts intentionally or with conscious disregard of the rights of Plaintiff and the Class,

14   and did so with fraud, oppression, and malice. Therefore, Plaintiff and the Class are also entitled to

15   punitive damages against Defendant in an amount that will be shown by proof at trial.

16

17

18   **THIRD CAUSE OF ACTION**

19   VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS

20   CODE SECTIONS 17200, 17500, ET SEQ.

21   (By Plaintiff and Class Against Defendants)

22       43.    Plaintiff incorporates by this reference the allegations contained in paragraphs 1

23   through 42 as if fully set forth herein and, to the extent necessary, pleads this cause of action in the

24   alternative.

25       44.    Plaintiff has standing to pursue this claim as Plaintiff has suffered injury in fact and has

26   lost money as a result of Defendant's false advertising and unfair business practices. Specifically,

27   prior to the filing of this action, Plaintiff purchased Children's Coldcalm for her own personal use. In

28

NEWPORT TRIAL
GROUP

- 10 -

1  so doing, she relied upon the false representations referenced above.  She has consumed Children's

2  Coldcalm but it has not worked as advertised and was worthless.

3       45.     Defendant's actions as alleged in this Complaint constitute an unfair or deceptive

4  business practice within the meaning of California Business and Professions Code section 17200 in

5  that Defendant's actions are unfair, unlawful, and misleading, and because the advertising statements

6  attached as Exhibit 1 are false and misleading within the meaning of California Business and

7  Professions Code sections 17500, et seq.

8       46.     Plaintiff seeks all remedies available under Section 17200 of the California Business

9  and Professions Code, including restitutionary and injunctive relief, as well as attorneys' fees and

10  costs.

11

12                              **PRAYER FOR RELIEF**

13       Wherefore, Plaintiff and members of the Class request that the Court enter an order or

14  judgment against Defendants as follows:

15       1.     Certification of the proposed classes and notice thereto to be paid by Defendants;

16       2.     Adjudge and decree that Defendants have engaged in the conduct alleged herein;

17       3.     For all legal and equitable remedies available under the Consumer Legal Remedies Act;

18       4.     For all legal and equitable remedies available under the Unfair Business Practices Act;

19       5.     For any and all other legal and equitable remedies that may be available, including

20  damages, statutory penalties, attorneys' fees, costs, and pre-judgment and post-judgment interest; and

21       6.     For any and all such other and further relief that this Court may deem just and proper.

22  Dated:  August 31, 2010              NEWPORT TRIAL GROUP
                                         A Professional Corporation
23                                       Scott J. Ferrell

24

25                                       By:_____
                                            Scott J. Ferrell
26
                                         Attorneys for Plaintiffs and the Class
27

28

NEWPORT TRIAL
GROUP

- 11 -

CLASS ACTION COMPLAINT

1    I, Gina De La Rosa, declare as follows:

2    1.    I am a Plaintiff in this action, and am a citizen of the State of California. I have

3    personal knowledge of the facts herein and, if called as a witness, I could and would testify

4    competently thereto.

5

6    2.    The Complaint in this action, filed concurrently with this Declaration, is filed in the

7    proper place for trial under Civil Code Section 1780(d) in that Orange   County is a county in which

8    Defendants are doing business.

9

10    I declare under penalty of perjury under the laws of the State of California that the foregoing is

11    true and correct.

12

13

14    Gina De La Rosa

15

16

17

18

19

20

21

22

23

24

25

26

27

28

HOMEOPATHY    CONSUMER/CAREGIVER    PRODUCTS    EDUCATION    NEWSROOM    ABOUT BOIRON

PRODUCTS > By Family > Children's Coldcalm® Pellets



# Children's Coldcalm® Pellets
Cold





## Information

### DIRECTIONS

Children 3 years of age and older: At the onset of cold symptoms, take 5 pellets every 20 minutes for 1 hour. Then take 5 pellets every 2 hours until symptoms are relieved. Allow the pellets to dissolve in the mouth.

Children younger than 3 years of age: Ask a doctor before use.

### RELATED MEDICATIONS

 Children's Chestal®

Children's Oscillococcinum®

Coldcalm®

Ingredients    Warnings    Other Information

### Active Ingredients

| | |
|---|---|
| Allium cepa 3C HPUS | Relieves sneezing and runny nose |
| Apis mellifica 6C HPUS | Relieves nasal congestion |
| Belladonna 6C HPUS* | Relieves colds with a sudden onset |
| Eupatorium perfoliatum 3C HPUS | Relieves sinus pain |
| Gelsemium sempervirens 6C HPUS | Relieves headaches associated with colds |
| Kali bichromicum 6C HPUS | Relieves nasal discharge |
| Nux vomica 3C HPUS | Relieves sneezing attacks |
| Phytolacca decandra 6C HPUS | Relieves sore throat associated with colds |
| Pulsatilla 6C HPUS | Relieves colds with a loss of taste and smell |

*Contains less than 10-6 mg alkaloids

### Inactive Ingredients

EXHIBIT 1
3/31/2010

Lactose, sucrose

The letters HPUS indicate that these ingredients are officially included in the Homeopathic Pharmacopoeia of the United States.

© 2010 Boiron, All Rights Reserved          Sitemap | Careers | Terms of Use | Privacy Policy | Contact Us



EXHIBIT 2



**NEWPORT**
T R I A L   G R O U P
*A Professional Corporation*

610 Newport Center Drive, Suite 700
Newport Beach, CA 92660
Phone(949) 706-6464
Fax (949) 706-6469
www.trialnewport.com

June 4, 2010

<u>BY CERTIFIED MAIL – RETURN RECEIPT REQUESTED</u>

Boiron USA, Inc.
6 Campus Blvd.
Newton Square, PA 19073

Attn: Chief Executive Officer

    *Re:*   *Ongoing Violations of California Consumer Legal Remedies Act*

Dear Sir or Madam:

    **Please give this letter your complete and immediate attention.**

<u>I.    Introduction</u>

    I am writing on behalf of Jane Doe, as well as a class of similarly situated persons, to advise you that Boiron USA, Inc. ("Defendant") has violated and continues to violate the California Consumer Legal Remedies Act.

<u>II.    Factual Background</u>

    Defendant profits from the marketing, advertising, and distribution of the product "Children's Coldcalm." Specifically, Defendant:

1. Falsely claims that Children's Coldcalm has no side-effects[1];

2. Falsely claims that Children's Coldcalm is safe;

---

[1] Various known side effects of the ingredients in Children's Coldcalm include: liver damage (eupatorium perfoliatum), dermatitis (kali bichromicum), and violent convulsions (nux vomica).

L I T I G A T I O N

EXHIBIT 3

June 4, 2010
Page 2

3. Falsely claims that the ingredients in Children's Coldcalm relieves: sneezing, runny nose, nasal congestion, sinus pain, headaches, nasal discharge, and sore throat;

4. Falsely claims that ingredients in Children's Coldcalm relieves colds through the removal of the "loss of taste and smell";

5. Falsely claims that Children's Coldcalm does not cause drowsiness;

6. Falsely claims that Children's Coldcalm has no drug interactions; and

7. Falsely claims that Children's Coldcalm carries no risk of overdose.

### III.   Summary of Violations

Defendant's conduct violates the California Consumer Legal Remedies Act by, without limitation:

1. Falsely representing that Children's Coldcalm has characteristics, uses and benefits which it does not have;

2. Falsely representing that Children's Coldcalm does not have characteristics which is does in fact have;

3. Falsely representing that Children's Coldcalm is of a particular standard, quality, or grade;

4. The claims are facially violative of the F.T.C. Guides Concerning the Use of Endorsements and Testimonials in Advertising, which went into effect in December of 2009. The guides specifically require you to clearly disclose the actual results that most consumers can reasonably expect to achieve, unless you claim that these preceding claims are typical;

5. Failing to disclose side effects and actually going so far as to claim that there are no side effects; and

June 4, 2010
Page 3

6. The packaging and marketing leave a misleading overall net impression by its failure to adequately disclose that testimonial results are not typical and that purported benefits are not without known risks.

### IV.   Demand for Relief

We respectfully request that you agree to irrevocably stop all false and misleading advertising of Children's Coldcalm and identify all consumers who have purchased Children's Coldcalm within the applicable limitations period and provide such consumers with appropriate refund. In the alternative, we request that you make the appropriate disclosures noted above.

### V.    Offer of Compromise

If Defendant will agree to the preceding request, we will take no further action in this matter, nor will we make any claim for attorneys' fees.

Please contact me at any time if you would like to discuss this matter.

Very truly yours,

NEWPORT TRIAL GROUP
A Professional Corporation

Ryan M. Ferrell

RMF/lb

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| | |
|---|---|
| **I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)<br><br>Gina Delarosa, individually and on behalf of all others similarly situated | **DEFENDANTS**<br><br>Boiron USA, Inc.; and John Does 1-20. |
| **(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)<br><br>Scott J. Ferrell, NEWPORT TRIAL GROUP<br>610 Newport Center Drive, Suite 700, Newport Beach, CA 92660<br>Tel: (949)706-6464; Fax: (949) 706-6469 | Attorneys (If Known)<br><br>J. Thomas Gilbert, PATTON BOGGS LLP<br>2000 McKinney Avenue, Suite 1700, Dallas, Texas 75201<br>Tel: (214) 758-1500; Fax: (214) 758-1550 |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff      ☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding   ☒ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☒ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☒ Yes   ☐ No      ☐ **MONEY DEMANDED IN COMPLAINT: $** Not specified

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Removal of state court action pursuant to 28 U.S.C. Sections 1332(a) and (d) on the grounds of diversity jurisdiction.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS<br>PERSONAL INJURY | TORTS<br>PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | ☒ 370 Other Fraud | ☐ 540 Mandamus/ Other | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | **PROPERTY RIGHTS** |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE / PENALTY** | ☐ 820 Copyrights |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | **CIVIL RIGHTS** | ☐ 610 Agriculture | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | **SOCIAL SECURITY** |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 443 Housing/Acco- mmodations | | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | **IMMIGRATION** | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | ☐ 462 Naturalization Application | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | ☐ 463 Habeas Corpus- Alien Detainee | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 465 Other Immigration Actions | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | | | ☐ 690 Other | **FEDERAL TAX SUITS** |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 245 Tort Product Liability | | | | |
| | ☐ 290 All Other Real Property | | | | |

**SACV10-01569 JST (CWx)**

**FOR OFFICE USE ONLY:**   Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑No  ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑No  ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Unknown | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Boiron USA, Inc. is a Delaware Corporation having its principal place of business in Newton Square, Pennsylvania. |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _S/ J. Thomas Coddert_     Date October 13, 2010

Notice to Counsel/Parties:  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Josephine Tucker and the assigned discovery Magistrate Judge is Carla Woehrle.

The case number on all documents filed with the Court should read as follows:

## SACV10- 1569 JST (CWx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

========================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] **Western Division** | [X] **Southern Division** | [ ] **Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)        NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY