Scott J. Ferrell, Bar No. 202091
Ryan M. Ferrell, Bar No. 258037
**NEWPORT TRIAL GROUP**
610 Newport Center Drive, Suite 700
Newport Beach, CA 92660
Tel: (949) 706-6464
Fax: *(949) 706-6469*
Email:  rferrell@calljensen.com
           sferrell@trialnewport.com

Attorneys for Plaintiff and the Class

Gary A. Pemberton, Bar No. 126159
**SHULMAN HODGES & BASTIAN LLP**
8105 Irvine Center Drive, Suite 600
Irvine, CA 92618
Telephone:  (949) 340-3400
Facsimile:  (949) 340-3000
Email:  GPemberton@shbllp.com

Christina Guerola Sarchio (*pro hac vice*)
**PATTON BOGGS LLP**
2550 M Street, N.W.
Washington, DC 20037-1350
Telephone:  (202) 457-6000
Facsimile:  (202) 457-6315
Email:  CSarchio@PattonBoggs.com

Attorneys for Defendant Boiron, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **GINA DELAROSA,** individually and on behalf of all others similarly situated, | Case No.  8:10-cv-01569 JST (CWx) |
| | Honorable Josephine S. Tucker Courtroom 10A |
| **Plaintiff,** | |
| vs. | **STIPULATED PROTECTIVE ORDER** |
| **BOIRON, INC.,** a corporation of unknown origin; and JOHN DOES 1 – 20, | **DISCOVERY MATTER** |
| **Defendants.** | |

SHULMAN HODGES &
BASTIAN LLP
8105 Irvine Center Drive
Suite 600
Irvine, CA 92618

4280-000\C:\Temp\notesFFF692\Stip Protective Order - Order.doc

The Court having read the Stipulation for Entry of Protective Order, finding no objection thereto and good cause appearing therefor,

**IT IS HEREBY ORDERED** that a Stipulated Protective Order will govern the production and exchange of confidential information in the above-captioned case on the following terms:

DEFINITIONS

1.1. Discovery Material:  all items or information, regardless of the medium or manner generated, stored, or maintained that are produced or generated in disclosures or responses to discovery requests, including but not limited to documents or tangible things, electronic documents and electronic data files, testimony, answers to interrogatories, requests for admissions and subpoenas in this matter.

1.2. Confidential Information:  any Discovery Material that qualifies for protection under standards developed under Fed. R. Civ. P., 26(c), including (a) proprietary technical information and specifications, (b) trade secrets, (c) confidential institutional knowledge, (d) proprietary business and financial information, and (e) any other information of any party or non-party the disclosure of which is likely to have the effect of causing harm to the competitive position of the person, partnership, corporation, or other organization from which the information is obtained.  Any Discovery Material that becomes public or that otherwise loses its status as confidential over the course of this action, other than by a violation of this Order, shall no longer be protected by this Order.

1.3. Receiving Party:  a Party that receives Discovery Material from a Producing Party.

1.4. Producing Party:  a Party or Third Party that produces Discovery Material in this matter.

1.5. Designating Party:  a Party or Third Party that designates Discovery Material that it produces in this matter as Confidential Information.

SHULMAN HODGES &
BASTIAN LLP
8105 Irvine Center Drive
Suite 600
Irvine, CA 92618

4280-000\C:\Temp\notesFFF692\Stip Protective Order - Order.doc

1

## 2. SCOPE

The protections conferred by this Order cover Confidential Information as well as any data derived therefrom, including but not limited to: excerpts, summaries, analyses, compilations, testimony, conversations, or presentations.

## 3. DURATION

The confidentiality obligations imposed by this Order shall survive this litigation and remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

## 4. DESIGNATING CONFIDENTIAL INFORMATION

4.1. Manner and Timing of Designations. Except as otherwise provided in this Order, or as otherwise stipulated or ordered, the Producing Party shall designate any Discovery Materials containing Confidential Information by marking each page containing such information with the legend "CONFIDENTIAL" before it is disclosed or produced. If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as "CONFIDENTIAL."

　　4.1.1. For Other Tangible Materials. Information in some tangible form, the Producing Party shall designate Confidential Information by marking the Discovery Material with the legend "CONFIDENTIAL."

　　4.1.2. For Deposition Testimony and Exhibits. Information disclosed at (a) the deposition of a party or one of its present or former officers, directors, employees, agents or independent experts retained by counsel for the purpose of this litigation, or (b) the deposition of a third party (which information pertains to a party) may be designated as Confidential Information by indicating on the record at the deposition that the testimony is "CONFIDENTIAL" subject to the provisions of this Order. Any party or non-party may also designate information disclosed at such deposition as Confidential Information by notifying the other

SHULMAN HODGES &
BASTIAN LLP
8105 Irvine Center Drive
Suite 600
Irvine, CA 92618

4280-000\C:\Temp\notesFFF692\Stip Protective Order - Order.doc

2

parties in writing within twenty (20) days of receipt of the transcript specifying which pages and/or lines should be treated as Confidential Information. All deposition transcripts shall be treated as Confidential Information for a period of twenty (20) days after the receipt of the transcript.

4.2. <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate Discovery Material as Confidential Information does not waive the Designating Party's right to secure protection under this Order for such material. If Discovery Material is appropriately designated as Confidential Information after it was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the Discovery Material is treated in accordance with the provisions of this Order.

5. <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

5.1. <u>Timing of Challenges</u>. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to initiate a challenge promptly after the original designation is disclosed.

5.2. <u>Meet and Confer</u>. A Party seeking to challenge a confidentiality designation must do so in good faith and must begin the process by conferring directly with counsel for the Designating Party. In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in the designation is offered, to explain the basis for the chosen designation.

5.3. <u>Judicial Intervention</u>. After engaging in the meet-and-confer process, a challenging Party may apply to the Court for a determination of whether the confidentiality designation is appropriate. Any motion challenging a

SHULMAN HODGES &
BASTIAN LLP
8105 Irvine Center Drive
Suite 600
Irvine, CA 92618

4280-000\C:\Temp\notesFFF692\Stip Protective Order - Order.doc

3

confidentiality designation must be accompanied by a declaration affirming compliance with the meet-and-confer requirements imposed by the preceding paragraph.

Until the Court rules on the challenge, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

6. ACCESS TO AND USE OF CONFIDENTIAL INFORMATION

6.1. Basic Principles. A Receiving Party may use Confidential Information produced by another in connection with this case only for prosecuting, defending, or attempting to settle this litigation only under the conditions described herein. Confidential Information must be stored and maintained by a Receiving Party at a location and in a secure manner ensuring that access is limited to the persons authorized under this Order. Nothing in this Order shall in any way restrict the use or dissemination by a Party or Third Party of its own Confidential Information.

6.2. Disclosure of Confidential Information. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose Confidential Information only to:

    6.2.1. the Receiving Party's counsel of record in this action, as well as their employees to whom disclosure is reasonably necessary for purposes of this litigation;

    6.2.2. Parties (if an individual) and officers, directors, and employees of Parties to whom the disclosure is reasonably necessary for this litigation (if a corporation) and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

    6.2.3. experts retained by the parties with respect to this litigation to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

6.2.4. the Court and its personnel;

6.2.5. court reporters, their staffs, and litigation support providers to whom disclosure is reasonably necessary for purposes of this litigation;

6.2.6. during the preparation for and conduct of their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

6.2.7. the authors, addressees, or recipients of the document, or who is specifically identified in the document, or whose conduct is purported to be specifically identified in the document; and

6.2.8. any other person to whom the Designating Party agrees in writing or on the record, or to whom the Court compels access.

7. <u>SUBPOENA OR COURT ORDER TO PRODUCE</u>

If a Receiving Party is served with a subpoena or an order issued compelling disclosure of any information or items designated in this action as Confidential Information, the Receiving Party must so notify the Designating Party, in writing immediately and in no event more than three (3) business days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The Receiving Party must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Order. In addition, the Receiving Party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena or order to issue.

8. <u>UNAUTHORIZED DISCLOSURE OF CONFIDENTIAL INFORMATION</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Confidential Information in a manner not authorized under this Order,

SHULMAN HODGES &
BASTIAN LLP
8105 Irvine Center Drive
Suite 600
Irvine, CA 92618

4280-000\C:\Temp\notesFFF692\Stip Protective Order - Order.doc

5

the Receiving Party must immediately: (a) notify the Designating Party in writing about the unauthorized disclosures; (b) use its best efforts to retrieve all copies of the Confidential Information; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound," attached hereto as Exhibit A.

9. FILING CONFIDENTIAL INFORMATION

In filing materials with the Court in pretrial proceedings, Counsel shall file under seal only those specific pages of documents and/or deposition testimony transcripts designated "CONFIDENTIAL," and only those specific portions of briefs, applications, and other filings which contain verbatim Confidential Information, or which set forth the substance of such information or data. A Party seeking to file any Confidential Information under seal must comply with Local Rule 79-5.

10. FINAL DISPOSITION

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty (60) days after (a) settlement documents are fully executed and the action is dismissed or (b) the last day to appeal any judgment expires, whichever day is earlier, each Receiving Party must return all Confidential Information to the Producing Party, including all copies, abstracts, compilations, analyses, summaries or any other form of reproducing or capturing any of the Confidential Information. With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Confidential Information instead of returning it. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Confidential Information.

11. INADVERTENTLY PRODUCED MATERIAL

If a Producing Party at any time notifies any other Party that it inadvertently

produced documents, testimony, information, and/or things that are protected from disclosure under the attorney-client privilege, work-product doctrine, and/or any other applicable privilege or immunity from disclosure, or if the Receiving Party reasonably believes or should believe that such inadvertent production occurred, the inadvertent production shall not be presumed to be a waiver of the applicable privilege or protection.  The Receiving Party shall notify the Producing Party, if applicable, and return all copies of such documents, testimony, information and/or things to the Producing Party within five (5) business days of receipt of such notice or discovery and shall not use such items for any purpose until further order of the Court.  The return of any discovery item to the Producing Party shall not in any way preclude the Receiving Party from moving the Court for a ruling that the document or item is not privileged.

12.  **MISCELLANEOUS**

    12.1.  <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

    12.2.  <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Order, no Party or Third Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order.  Similarly, no Party or Third Party waives any right to object on any ground, including relevance or admissibility, to use in evidence any of the material covered by this Order.

Dated:   March 16, 2011

                                  */s/ Carla M. Woehrle*
                                  CARLA WOEHRLE
                                  United States District Court
                                  Magistrate Judge

SHULMAN HODGES &
BASTIAN LLP
8105 Irvine Center Drive
Suite 600
Irvine, CA 92618

4280-000\C:\Temp\notesFFF692\Stip Protective Order - Order.doc

7

# EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of_____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on _____ [date] in the case of *Delarosa v. Boiron, Inc., et al.,* Docket No. 10-1569-JST (CWx).  I agree to comply with and be bound by all the terms of this Stipulated Protective Order.  I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date:_____

City and State where sworn and signed: _____

Printed Name: _____

Signature:_____

SHULMAN HODGES &
BASTIAN LLP
8105 Irvine Center Drive
Suite 600
Irvine, CA 92618

4280-000\C:\Temp\notesFFF692\Stip Protective Order - Order.doc

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the City of Irvine, County of Orange, State of California. I am over the age of 18 years. My business address is 8105 Irvine Center Drive, Suite 600, Irvine, CA 92618.

On March 16, 2011, I served the documents named below on the parties in this Action as follows:

DOCUMENT(S) SERVED:    **STIPULATED PROTECTIVE ORDER**

**[ x ]** <u>**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**</u> – Pursuant to controlling General Order(s) the foregoing document(s) will be served by the court via NEF and hyperlink to the document. On **March 16, 2011** I checked the CM/ECF docket for this case and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

- **Ryan M Ferrell**
  rferrell@calljensen.com
- **Scott J Ferrell**
  sferrell@trialnewport.com,lberger@trialnewport.com
- **Christina Guerola Sarchio**
  csarchio@pattonboggs.com
- **Brendan M Walsh**
  bwalsh@pattonboggs.com

**[ x ]** (**FEDERAL**) I declare that I am employed in the office of a member of the bar of this court, at whose direction this service was made. I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 16, 2011, at Irvine, California.

              /s/ Melanie Rodgers
              Melanie Rodgers