NEWPORT TRIAL GROUP
Scott J. Ferrell, Bar No. 202091
sferrell@trialnewport.com
James B. Hardin, Bar No. 205071
jhardin@trialnewport.com
Steven R. Telles, Bar No. 246514
stelles@trialnewport.com
Ryan M. Ferrell, Bar No. 258037
rferrell@trialnewport.com
895 Dove Street, Suite 425
Newport Beach, CA  92660
Tel: (949) 706-6464
Fax: (949) 706-6469

*Attorneys for Plaintiff and the Class*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GINA DELAROSA, individually, and on behalf of all others similarly situated, | Case No.  SACV 10-1569-JST (CWx) |
| Plaintiffs, | **PLAINTIFF'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL BOIRON, INC.'S PRODUCTION OF DOCUMENTS AND RESPONSES TO SPECIAL INTERROGATORIES** |
| vs. | |
| BOIRON, INC., et al., | |
| Defendants. | [[Proposed] Order, Declarations of Daniel L. Warshaw and Ryan M. Ferrell lodged concurrently herewith] |
| | Discovery cut-off:        January 16, 2012 |
| | Pretrial conference:      April 16, 2012 |
| | Trial Date:               May 1, 2012 |
| | DISCOVERY MATTER |

Plaintiff Gina Delarosa ("Plaintiff") submits the following Supplemental Memorandum in support of Plaintiff's Motion to Compel pursuant to Rule 37 of the Federal Rules of Civil Procedure and Local Rule 37-2.3.

## I. __INTRODUCTION__

Plaintiff served Defendant with the outstanding discovery in June of 2011. Defendant has had the discovery in its possession for more than 7 months, yet now argues that it has been time pressed to produce any discovery. The reality is that Defendant has acted and is acting in bad faith. Defendant would have the Court believe that the rules of discovery do not apply to Defendant.

Defendant's arguments in the Joint Stipulation can be summarized as follows: (1) "[Defendant] did not owe Plaintiff *any* discovery in light of the fact that Boiron had moved the Court to stay discovery…" (emphasis added) (Joint Stipulation, pg. 11 lns. 20-23); (2) Defendant obtained an informal stay of discovery, for which there is no record and of which only Defense counsel is aware (Joint Stipulation, pg. 4 lns. 23-25); (3) Plaintiff did not continually remind Defendant of its discovery obligations (Joint Stipulation, pg. 5 lns. 9-13); (4) Defendant's late filed discovery responses somehow retroactively relate to the discovery due date allowing Defendant to preserve the ability to lodge objections (Joint Stipulation, pg. 13 lns. 4-10); and (5) the Motion to Compel is moot because Defendant agreed to produce *some* of the requested documents at *some unknown time* in the future (Joint Stipulation, pg. 6 lns. 16-20). Each of Defendant's arguments is nothing more than a bad faith attempt to have the Court sanction Defendant's bad acts.

The facts show that: (1) There was no agreement to informally stay discovery an additional 3 weeks; (2) Defendant waived all objections by failing to provide timely responses to discovery and Defendant continues to withhold discovery; (3) Defendant has failed to provide any responses to the interrogatories at issue; (4) Defendant is now trying to bury Plaintiff with a last second document production, produced 4 days prior

STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

to the close of discovery and nearly two months after it was due, of over 100,000 documents that are not in any way categorized to allow Plaintiff to determine which documents relate to which discovery request.  (The following day, Defendant emailed a 38 page privilege log that mischaracterizes over 200 documents as protected by either attorney client privilege and/or attorney work product.)  Defendant's document dump effectively prevents Plaintiff from obtaining adequate discovery.

## II.   ARGUMENT

### A.   Defendant's Requested Stay Had No Effect On Discovery

A requested stay of litigation is just that, a request.  It holds no effect until actually granted by the Court.  Allowing a party to unilaterally stay litigation pending appeal, where there is no per se rule, would "invite parties to unilaterally derail" litigation.  *Yodlee, Inc. v. Ablaise Ltd.*, 2009 WL 112857 at 3 (N.D. Cal. 2009) citing *Soverain Software LLC v. Amazon.com, Inc.*, 356 F.Supp.2d 660, 662 (E.D. Tex. 2005).  Defendant's argument that discovery was stayed pending the Court's decision on Defendant's request to appeal is wrong.

Defendant further argues erroneously that Plaintiff did not oppose Defendant's request to stay the litigation.  The docket in this matter clearly shows that Plaintiff opposed Defendant's Motion for Leave to Appeal.  (Dckt. 84) (Declaration of Ryan M. Ferrell, "Ferrell Decl.", ¶ 2).  Further, the Court denied Defendant's Motion for Leave to Appeal.  (Dckt. 98) (Ferrell Decl., ¶ 3).  Defendant's argument that discovery was stayed by Defendant's request is wrong and is a belated attempt to justify Defendant's refusal.

### B.   There Exists No Informal Stay Of Discovery

Despite being completely false, Defendant's argument that the parties had agreed to informally stay discovery while pursuing mediation is illogical.  If such a stay had existed, surely Defendant would have raised this in its defense during the December 5, 2011, teleconference regarding the past due discovery.  In fact, Defendant raised this

contention for the ***first*** time on December 27, 2011 when it returned the Joint Stipulation to Plaintiff for filing. (Ferrell Decl., ¶ 4).   Further, while every other agreement between counsel is memorialized in writing, there is no evidence of this agreement except Defendant's counsel's declaration.  The reality is that the purported agreement does not and never did exist.   (Declaration of Daniel L. Warshaw, "Warshaw Decl.", ¶¶ 3).  Nor could the agreement exist as Mr. Warshaw is not counsel of record for Plaintiff.  (Warshaw Decl., ¶ 2).  Defendant failed to respond to discovery and is now grasping at straws including falsifying supposed discovery agreement.

### C.    Defendant Failed To Respond To Discovery

Defendant does not argue: that it did not agree to provide discovery responses by November 25, 2011; that excusable error occurred causing Defendant to miss its deadline; or that Defendant actually provided any timely responses.  Instead, Defendant argues that Plaintiff is required to continually reassert her expectation that Defendant comply with the Federal Rules of Civil Procedure.  (Joint Stipulation, pg. 5 lns. 9-13).

Fed. R. Civ. P. 34 states, "Time to Respond.  The party to whom the request is directed must respond in writing with 30 days after being served.  A shorter or longer time may be stipulated to under Rule 29 or ordered by the court."  Conspicuously absent from this rule, or any other authority, is Defendant's contention that Plaintiff must continually reassert her expectation that Defendant will abide by discovery.  There is no authority for Defendant's position.  As such, Defendant's argument must fail.

### D.    Defendant's Objections Must Be Stricken

F.R.C.P. 33(b) provides that a party shall serve its answers and objections to interrogatories within 30 days after the interrogatories are served and that all grounds for an objection to an interrogatory shall be stated with specificity.  Any ground not stated in a timely objection is waived unless the party's failure to object is excused by the court for good cause shown.  *Id.*; *Richmark Corp. v. Timber Falling Consultants,* 959 F.2d 1468, 1473 (9th Cir. 1992), citing *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th

Cir. 1981); *Safeco Ins. Co. v. Rawstrom,* 183 F.R.D. 668, 671-72 (C.D. Cal. 1998); *Fonville v. District of Columbia,* 230 F.R.D. 38, 42 (D.D.C. 2005).  Although F.R.C.P. 34 regarding responding to document production requests does not contain an express provision that untimely objections are waived, the courts have interpreted the rule regarding waiver for Rule 34 in the same manner as Rule 33.  *See Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992); *Mission Capital Works, Inc. v. SC Restaurants, Inc.,* 2009 WL 4895315 *3 (S.D. Cal. 2009).[1]

Defendant argues correctly that the Court may not necessarily find that a party has waived its right to object to discovery requests where *some* discovery responses were timely provided.  (Joint Stipulation, pg. 13 lns. 4-10).  However, such an argument is not applicable in this case.  Defendant served *no* timely discovery responses – not one document or interrogatory response.   Further, when Defendant did finally serve discovery responses (nearly a month after they were due) it did not produce a ***single*** document and did not answer nearly 80% of the interrogatories – objecting instead.

### E.    Defendant Cannot Moot Plaintiff's Motion To Compel By Vaguely Stating That It Will Produce Documents At Some Unknown Future Point

There is no authority for Defendant's position that it is relieved of its obligations under the applicable rules and authorities by merely stating that at some point in the future it will comply with the discovery requests.  The authority is actually opposite and quite clear as to Defendant's obligations.  Fed. R. Civ. P. 34(b)(2)(A) and (E) state that a party has 30 days to respond and produce documents unless the parties stipulate to another time or the court so orders and the documents must be produced and must be labeled to correspond to the categories in the request.

---

[1] *See also*, *Fonville,* 230 F.R.D. at 42, citing *Coregis Ins. Co. v. Baratta & Fenerty, Ltd.,* 187 F.R.D. 528, 530-31 (E.D. Pa. 1999); *Kansas-Nebraska Natural Gas Co., Inc. v. Marathon Oil Co.,* 109 F.R.D. 12, 24-25 (D.Neb. 1983); *Shenker v. Sportelli,* 83 F.R.D. 365, 366-67 (E.D. Pa. 1979).

STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

Not only is Defendant's argument that the Motion to Compel is moot because it agreed to comply with the requests at some future point, but the Motion to Compel is not mooted by Defendant's recent ambush of Plaintiff, 4 days prior to the discovery cut-off, in which it produced over 100,000 documents that are not categorized in any manner, let alone labeled to correspond to the categories in the requests.

3 days prior to discovery closing, Defendant provided a 38 page privilege log, listing 258 documents that Defendant contends are privileged. (Ferrell Decl., ¶ 5). Not only is the privilege log inappropriate as Defendant has waived all objections by untimely responses, but the privilege log itself is inappropriate. To appropriately assert privilege, a privilege log must make a *prima facie* showing that the privilege protects the information that the party intends to withhold. *In re Grand Jury Investigation*, 974 F.2d 1068, 1071 (9th Cir. 1992). In Defendant's privilege log, Defendant admits that 88 of the 253 documents are nothing more that inter-employee correspondence. (Ferrell Decl., ¶ 5). Defendant's withheld documents do not show *prima facie* privilege.

/ / /

/ / /

/ / /

III.   **CONCLUSION**

As shown above, Defendant's arguments are nothing more than a bad faith attempt to avoid its discovery responsibilities.  Defendant's recent actions of dumping documents on Plaintiff with an even later provided privilege log only further shows Defendant's willingness to act in bad faith.  As previously requested by Plaintiff, Plaintiff requests that the court order Defendant remove all objections, answer all discovery requests, categorize its recent document dump, produce all documents listed in its privilege log, and sanction Defendant.

Dated:  January 17, 2012          NEWPORT TRIAL GROUP
                                  A Professional Corporation
                                  Scott J. Ferrell
                                  James B. Hardin
                                  Steven R. Telles
                                  Ryan M. Ferrell


                                  By:_____/s/ Ryan M. Ferrell_____
                                        Ryan M. Ferrell
                                        Attorneys for Plaintiff and the Class

# CERTIFICATE OF SERVICE
### (United States District Court)

I am employed in the County of Orange, State of California.  I am over the age of 18 and not a party to the within action; my business address is 895 Dove Street, Suite 425, Newport Beach, CA 92660.

On January 17, 2012, I have served the foregoing document described as **PLAINTIFF'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL BOIRON, INC.'S PRODUCTION OF DOCUMENTS AND RESPONSES TO SPECIAL INTERROGATORIES** on the following person(s) in the manner(s) indicated below:

### SEE ATTACHED SERVICE LIST

**[X]**   (BY ELECTRONIC SERVICE)  I am causing the document(s) to be served on the Filing User(s) through the Court's Electronic Filing System.

**[ ]**   (BY MAIL)  I am familiar with the practice of Newport Trial Group for collection and processing of correspondence for mailing with the United States Postal Service.  Correspondence so collected and processed is deposited with the United States Postal Service that same day in the ordinary course of business.  On this date, a copy of said document was placed in a sealed envelope, with postage fully prepaid, addressed as set forth herein, and such envelope was placed for collection and mailing at Newport Trial Group, Newport Beach, California, following ordinary business practices.

**[ ]**   (BY OVERNIGHT SERVICE)  I am familiar with the practice of Newport Trial Group for collection and processing of correspondence for delivery by overnight courier.  Correspondence so collected and processed is deposited in a box or other facility regularly maintained by the overnight service provider the same day in the ordinary course of business. On this date, a copy of said document was placed in a sealed envelope designated by the overnight service provider with delivery fees paid or provided for, addressed as set forth herein, and such envelope was placed for delivery by the overnight service provider at Newport Trial Group, Newport Beach, California, following ordinary business practices.

**[ ]**   (BY FACSIMILE TRANSMISSION)  On this date, at the time indicated on the transmittal sheet, I transmitted from a facsimile transmission machine, which telephone

number is (949) 706-6464, the document described above and a copy of this declaration to the person, and at the facsimile transmission telephone numbers, set forth herein. The above-described transmission was reported as complete and without error by a properly issued transmission report issued by the facsimile transmission machine upon which the said transmission was made immediately following the transmission.

[ ]   (BY E-MAIL)   I transmitted the foregoing document(s) by e-mail to the addressee(s) at the e-mail address(s) indicated.

[ ]   (FEDERAL)  I declare that I am a member of the Bar and a registered Filing User for this District of the United States District Court.

[**X**]   (FEDERAL)  I declare that I am employed in the offices of a member of this Court at whose direction the service was made.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this Certificate is executed on January 17, 2012, at Newport Beach, California.

_____/s/ Sariah Para_____
Sariah Para

1

## SERVICE LIST

2

3  Christina Guerola Sarchio
   Brendan M. Walsh
4  PATTON BOGGS, LLP
5  2550 M Street, NW
   Washington, DC 20037
6  PATTON BOGGS, LLP
7  CSarchio@PattonBoggs.com
   DMulvihill@PattonBoggs.com
8  BWalsh@PattonBoggs.com
9  skconway@PattonBoggs.com

10

11 Gary A. Pemberton
12 John Mark Jennings
   SHULMAN, HODGES & BASTIAN
13 8105 Irvine Center Drive, Suite 600
14 Irvine, CA  92618
   Phone: (949) 340-3400
15 Fax: (949) 340-3000
16 SHULMAN, HODGES & BASTIAN
   GPemberton@shbllp.com
17
18 Attorneys for Defendant, BOIRON, INC.

19

20

21

22

23

24

25

26

27

28

PLAINTIFF'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL
BOIRON, INC.'S PRODUCTION OF DOCUMENTS AND RESPONSES TO SPECIAL INTERROGATORIES