1  WILSON TURNER KOSMO LLP
   VICKIE E. TURNER (106431)
2  550 West C Street, Suite 1050
   San Diego, CA  92101
3  Telephone:  (619) 236-9600
   Facsimile:  (619) 236-9669
4  E-mail:  vturner@wilsonturnerkosmo.com

5  PATTON BOGGS LLP
   CHRISTINA GUEROLA SARCHIO (*Pro Hac Vice*)
6  2550 M Street, N.W.
   Washington, D.C. 20037-1350
7  Telephone:  (202) 457-6000
   Facsimile:  (202) 457-6315
8  E-mail:  CSarchio@PattonBoggs.com

9  Attorneys for Defendant
   BOIRON, INC.
10

11              **UNITED STATES DISTRICT COURT**

12              **CENTRAL DISTRICT OF CALIFORNIA**

13  GINA DELAROSA, individually and on          Case No. SACV10-01569 JST (CWx)
    behalf of all others similarly situated,
14                                              **MEMORANDUM OF POINTS AND**
                    Plaintiff,                  **AUTHORITIES IN SUPPORT OF**
15                                              **DEFENDANT'S MOTION FOR**
            vs.                                 **SUMMARY JUDGMENT**
16
    BOIRON, INC., a corporation of              [Notice of Motion; Declaration of
17  unknown origin; and JOHN DOES 1-20,         Christina Sarchio; Statement of
                                                Uncontroverted Facts and Conclusions
18              Defendants.                     of Law; and Proposed Judgment filed
                                                and lodged herewith]
19
                                                Date:      March 5, 2012
20                                              Time:      10:00 a.m.
                                                Judge:     Hon. Josephine Staton Tucker
21                                              Courtoom: 10A
22                                              Complaint Filed:  August 31, 2010
                                                Trial Date: May 1, 2012
23

24

25

26

27
                                                Case No. SACV10-01569 JST (CWx)
28
    ────────────────────────────────────────────────────────────────────
       MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
          DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
    5218274

# TABLE OF CONTENTS

I.      INTRODUCTION ..................................................................................... 1

II.     FACTUAL BACKGROUND .................................................................... 1

III.    STANDARD OF REVIEW ....................................................................... 5

IV.     ARGUMENT ............................................................................................ 6

    A.   Plaintiff's Failure to Comply with the CLRA's Notice Requirement Entitles Boiron to Summary Judgment ........................... 7

    B.   Undisputed Evidence Demonstrates That Plaintiff Does Not Have Standing to Bring Her Claims ...................................................... 9

        1.   Plaintiff Cannot Establish that She Purchased Children's Coldcalm ............................................................................... 9

        2.   Plaintiff Cannot Affirmatively Establish that Children's Coldcalm Specifically Does Not Work ................................... 11

            i.   Plaintiff's Own Testimony Belies Her Claims.............. 11

            ii.  Plaintiff's Experts' Testimony Confirms Plaintiff Cannot Demonstrate Children's Coldcalm Specifically Does Not Work ........................................... 13

        3.   No Evidence Exists that Boiron Knowingly Published False Statements ................................................................. 15

        4.   With No Intention to Purchase Children's Coldcalm in the Future, Plaintiff Cannot Seek Injunctive Relief ................ 17

V.      CONCLUSION ....................................................................................... 19

Case No. SACV10-01569 JST (CWx)

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

5218274

# TABLE OF AUTHORITIES

**Federal Cases**

*Anderson v. Liberty Lobby, Inc.,*
    477 U.S. 242 (1986). ................................................................5

*Baba v. Hewlett-Packard Co.,*
    2010 WL 2486353 (N.D. Cal. 2010) ........................................15

*Barrera v. Pharmavite, LLC,*
    No. CV 2:11-04153 (C.D. Cal. Sept. 19, 2011) ......................11

*Cattie v. Wal-Mart Stores, Inc.,*
    504 F. Supp. 2d 939 (S.D. Cal. 2007) ................................8, 17

*Celotex Corp. v. Catrett,*
    477 U.S. 317 (1986). ................................................................6

*Chavez v. Nestle USA, Inc.,*
    2011 WL 2150128 (C.D. Cal. 2011) ..................................11, 15

*City of Los Angeles v. Lyons,*
    461 U.S. 95, 111 (1983) ..........................................................17

*Davis v. Chase Bank U.S.A., N.A.,*
    650 F. Supp. 2d 1073 (C.D. Cal. 2009) ....................................7

*Deitz v. Comcast Cable Commc'ns, Inc.,*
    2006 WL 3782902 (N.D. Cal. 2006) ........................................18

*Dysthe v. Basic Research LLC,*
    2011 WL 5868307 (C.D. Cal. 2011) ........................................10

*Fraker v. Bayer Corp.,*
    2009 WL 5865687 (E.D. Cal. 2009) ..................................11, 15

*Gerber v. Bayer Corp.,*
    2008 WL 344219 (N.D. Cal. 2008) ............................................8

*Gest v. Bradbury,*
    443 F.3d 1177 (9th Cir. 2006) ................................................17

*Heisler v. Maxtor Corp.,*
    2011 WL 1496114 (N.D. Cal. 2011) ..............................6, 10, 11

*Johns v. Bayer Corp.,*
    2010 WL 476688 (S.D. Cal. 2010) ..........................................10

*K&N Eng'g, Inc. v. Spectre Performance,*
    2011 WL 4387094 (C.D. Cal. 2011) ........................................14

*Kokkonen v. Guardian Life Ins. Co. of Am.,*
    511 U.S. 375 (1994) ..................................................................9

*Kowalsky v. Hewlett-Packard Co.,*
    771 F. Supp. 2d 1156 (N.D. Cal. 2011) ..............................15, 16

*Laster v. T-Mobile USA, Inc.,*
    407 F. Supp. 2d 1181 (S.D. Cal. 2005) ....................................8

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

*Lee v. Am. Nat'l Ins. Co.,*
    260 F.3d 997 (9th Cir. 2001)................................................................17
*Lierboe v. State Farm Mutual Auto. Ins. Co.,*
    350 F.3d 1018 (9th Cir. 2003)................................................................6
*Loreto v. Procter & Gamble Co.,*
    737 F. Supp. 2d 909 (S.D. Ohio 2010)................................................15
*Lujan v. Defenders of Wildlife,*
    504 U.S. 555 (1992).............................................................6, 11, 17
*Miguel v. Country Funding Corp.,*
    309 F.3d 1161 (9th Cir. 2002)................................................................9
*Neu v. Terminix International, Inc.,*
    2008 WL 2951390 (N.D. Cal. 2008)....................................................16
*Sandoz Pharms. Corp. v. Richardson-Vicks, Inc.,*
    902 F.2d 222 (3d Cir. 1990)..........................................................11, 14
*Stearns v. Select Comfort Retail Corp.,*
    763 F. Supp. 2d 1128 (N.D. Cal. 2010)................................................18
*Stevens v. JPMorgan Chase Bank, N.A.,*
    2010 WL 329963 (N.D. Cal. 2010)......................................................13
*Town of North Bonneville v. Callaway,*
    10 F.3d 1505 (9th Cir. 1993)................................................................9
*United Investors Life Ins. Co. v. Waddell & Reed Inc.,*
    360 F.3d 960 (9th Cir. 2004)................................................................9
*Von Grabe v. Sprint PCS,*
    312 F. Supp. 2d 1285 (S.D. Cal. 2003)................................................8
*Whitaker v. Health Net of Cal.,*
    2012 WL 174961 (E.D. Cal. 2012)........................................................6

**State Cases**

*Bains v. Moores,*
    172 Cal. App. 4th 445 (2009)..............................................................15
*Nat'l Council Against Health Fraud, Inc. v. King Bio Pharms., Inc.,*
    107 Cal. App. 4th 1336 (2003)..................................................11, 13, 14
*Outboard Marine Corp. v. Superior Court,*
    52 Cal. App. 3d 30 (1975)....................................................................7

**State Statutes**

California Business & Professions Code section 17203 .............................18
California Civil Code section 1782(a).....................................................7, 8

**Other**

United States Postal Service, Domestic Mail Manual section 507.1.8.5 .................3

iii                    Case No. SACV10-01569 JST (CWx)

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

# I.   **INTRODUCTION**

Because Plaintiff Gina Delarosa does not possess the standing required to maintain her claims, Defendant Boiron, Inc. ("Boiron") moves for summary judgment. First, Plaintiff did not serve the notice required to bring a claim under the California Consumer Legal Remedies Act.   Second, Delarosa never purchased Children's Coldcalm, as the store where she claimed repeatedly in discovery that she purchased the product does not even sell it.   Third, she does not have affirmative evidence that Children's Coldcalm specifically does not work.   Delarosa admitted that she might not have even had a cold and that, even if she did have a cold, Children's Coldcalm might have provided her relief.   And no one has conducted any testing of Children's Coldcalm or its ingredients that demonstrate it is ineffective.   Fourth, she has no evidence that Boiron believed its product did not work.   Fifth and finally, with no intention to purchase Children's Coldcalm in the future, she cannot obtain prospective injunctive relief.   As such, Boiron's motion for summary judgment should be granted and judgment entered in Boiron's favor on all claims.[1]

# II.   **FACTUAL BACKGROUND**

On August 31, 2010, Plaintiff Gina Delarosa filed suit against Boiron, alleging that the labeling and advertising of the homeopathic over-the-counter drug Children's Coldcalm, manufactured and distributed by Boiron, violated the California Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1770, California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, California's False Advertising Law ("FAL"), Cal. Bus. & Prof. Code § 17500, and constituted common law fraud. *See generally* Compl. (Dkt. 1, Ex. 2).

---

[1] Before bringing this Motion and consistent with Local Rule 7-3, Boiron's counsel met and conferred with Plaintiff's counsel regarding the substance of this motion. Declaration of Christina Sarchio filed concurrently herewith ("Sarchio Decl.")) at ¶ 9.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

5218274

1    The filing of the lawsuit, however, was the first that Boiron heard that a

2   consumer had made a legal demand against Children's Coldcalm. Although Boiron

3   saw the purported CLRA letter attached as an exhibit to the Complaint, Compl., Ex. 3,

4   and the letter contained Boiron's correct address in Pennsylvania, Boiron had no

5   record of ever receiving such a letter.  Supplemental Declaration of Mark Land filed

6   concurrently herewith ("Land Suppl. Decl.") at ¶ 5.  Indeed, given the representation

7   in the Complaint that the letter had been sent by certified mail (which is required by

8   the CLRA), Boiron's counsel contacted Plaintiff's counsel asking them to "send us a

9   copy of the receipt so we can check to see if it fell through cracks on our end."

10   Sarchio Decl., Ex. A, Sarchio Email to Ryan Ferrell (Jan. 4, 2011).  Plaintiff's counsel

11   confirmed that, in fact, CLRA procedures were not followed:

12        The letter did not fall through on your end.  It was returned as a bad
         address and we are unable to find a record of re-sending it to a different
13        address.

14   Sarchio Decl., Ex. B (Ryan Ferrell Email to Christina Sarchio (Jan. 10, 2011).

15   Recognizing that she could not therefore seek CLRA damages, Plaintiff asked Boiron

16   to allow an amendment of the complaint to remove the damages component under

17   CLRA "**until such time as your client is given the proper notice and time to cure**."

18   *Id.* (emphasis added).

19    Boiron did not so stipulate, and Plaintiff did not amend the Complaint to correct

20   this deficiency.  Thus, Boiron filed a motion for judgment on the pleadings alleging,

21   *inter alia*, that Plaintiff failed to comply with CLRA's specific notice requirements

22   before filing suit.  (Dkt. 27).

23    At that time, however, the Court denied Boiron's argument, finding Boiron's

24   contention that it did not receive the CLRA notice "would require the Court to look

25   beyond the face of the pleadings, which is not permitted in a Rule 12(c) motion."

26   (Dkt. 75 at 22-23).  While Boiron has repeatedly asserted that it did not receive the

27   letter and demanded proof from Plaintiff to the contrary, Plaintiff has failed to provide

28

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

5218274

any evidence that she even tried to send the letter, let alone that the CLRA requirements were met.[2]

Plaintiff also has not provided evidence that she actually purchased Children's Coldcalm. Although Plaintiff does not have a receipt or any other documents establishing proof of purchase, Plaintiff has steadfastly maintained that she purchased Children's Coldcalm at a CVS in California.[3] Boiron, however, does not now sell and has never sold Children's Coldcalm to CVS stores in California. Declaration of Mark Land filed with Defendant's Opposition to Plaintiff's Motion for Class Certification

---

[2] If Plaintiff had sent the certified CLRA demand letter and it was returned for a bad address, she would have a record of it: "If a return receipt is attached to a certified, collect on delivery (COD), numbered insured, registered, return receipt for merchandise, or Express Mail piece to be returned, the reason for nondelivery is shown on the face of the piece. The receipt stays attached to the piece and is returned to the sender. Registered Mail is returned through the registry system. The sender must sign a delivery receipt for returned Express Mail and for certified, COD, numbered insured, registered, and return receipt for merchandise mail." United States Postal Service, Domestic Mail Manual § 507.1.8.5 (Jan. 22, 2012), available at http://pe.usps.com/cpim/ftp/manuals/dmm300/507.pdf (*see* accompanying Request for Judicial Notice).

[3] Delarosa testified at her deposition:

Q   Where did you purchase Children's ColdCalm?
A   It was at a CVS.
Q   Where was the CVS located?
A   In Highland as well.
Q   And, Ms. Delarosa, do you know if you still have the receipt from that purchase?
A   No, I know I don't.

       *          *          *

Q   Okay. So you don't think you have the receipt from that purchase, correct?
A   Correct, I know I don't.
Sarchio Decl., Ex. C (Deposition Transcript of Gina Delarosa ("Delarosa Dep. Tr.")) at 39:5-12, 40:4-6.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

5218274

1   (Dkt. 49-1) ("Land Decl.") at ¶¶ 7-11.  Thus, Boiron challenged Plaintiff's standing

2   and her qualifications to serve as a class representative in light of Plaintiff's manifest

3   misrepresentation.  (Dkt. 49 at 8, 11, 13).

4        Plaintiff endeavored to misdirect the Court on this issue by submitting sworn

5   declarations stating that CVS sells Coldcalm and attaching photographs allegedly

6   from CVS stores depicting Coldcalm on the shelves.  (Dkts. 52-5, 52-6).  Plaintiff

7   submitted this information in its reply in support of its motion for class certification

8   (Dkt. 52), however, which precluded Boiron from being able to argue that, while the

9   sworn declarations and photographs demonstrated that **Coldcalm** might be available

10  from CVS stores, neither established that the product at issue, **Children's Coldcalm,**

11  was sold in CVS stores.  The Court deferred Boiron's arguments for after the class

12  certification stage, finding that "at this point in the litigation" the Court "has yet to

13  make a determination as to whether the credibility of Plaintiff or Defendant has come

14  into question" with regard to the conflicting evidence regarding where Children's

15  Coldcalm is sold and whether Plaintiff purchased the product.  (Dkt. 76 at 13).

16       Although Plaintiff has attempted to block Boiron's efforts to confirm in

17  depositions and through discovery that the investigators did not discover any evidence

18  demonstrating that **Children's Coldcalm** was sold at any California CVS store, which

19  Boiron has moved the Court to compel (Dkt. 120), Plaintiff has not put forth any

20  evidence indicating to the contrary.  Thus, this fact is not in dispute.

21       Furthermore, even if Plaintiff purchased and took Children's Coldcalm as

22  directed, she has admitted that she did not know whether she actually had a cold:

23  "First of all, I don't know that it was a cold . . . . And to say that I had a cold, I don't

24  know, but we had, you know, runny noses . . . . So I don't know that we even had a

25  cold."  Sarchio Decl., Ex. C (Delarosa Dep. Tr.) at 82:3-83:2.  Rather, she admitted

26  her symptoms could have been a result of another condition, like allergies.  *Id.* at

27

28                              4        Case No. SACV10-01569 JST (CWx)

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

83:18-84:3 ("Q. So [your children] could have had allergies, for instance, right?  A. I don't know . . . Yeah.  They could have had anything.").

She further admitted that the symptoms for which she purchased Children's Coldcalm did not get worse after she took the product, *id.* at 74:5-21, and she does not know whether Children's Coldcalm prevented her from getting more ill, *id.* at 77:3-6.

More to the point, neither one of her two purported "experts" (one of whom is a pharmacologist with no experience treating patients and the other is an emergency room physician who is the brother of Plaintiff's lead counsel) can establish that Children's Coldcalm is not effective to treat the symptoms listed on the package. Neither conducted any studies, analysis, or testing on the product itself; nor do they know of any studies, analysis, or testing of the product or its ingredients conducted by anyone else.  Sarchio Decl., Ex. D (Deposition Transcript of Lynn Roger Willis ("Willis Dep. Tr.")) at 60:22-61:7; Sarchio Decl., Ex. E (Deposition Transcript of Brit Ferrell ("Ferrell Dep. Tr.") at 94:17-21.  Accordingly, Plaintiff cannot provide any evidence that the product does not provide multi-symptom cold-relief.

Finally, Ms. Delarosa indicated that she would not purchase Children's Coldcalm again; indeed, she does not think anyone should be able to buy Children's Coldcalm ever again.  Sarchio Decl., Ex. C (Delarosa Dep. Tr.) at 64:4-20.

### III.   **STANDARD OF REVIEW**

Summary judgment is granted when "[t]he judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c). The party opposing summary judgment must set forth "specific facts," rather than mere allegations, showing there is a genuine issue of material fact on which a reasonable juror could find in its favor. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 256 (1986).

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

1       In entertaining a motion for summary judgment, the Court views the evidence

2   in the light most favorable to the non-moving party. *Anderson,* 477 U.S. at 255. The

3   moving party bears the burden of demonstrating the absence of a genuine issue of

4   material fact; the burden then shifts to the non-moving party, who must present

5   specific facts showing a genuine issue on which reasonable jurors could disagree.

6   *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986).

7       To survive a summary judgment motion on standing, Plaintiff cannot rely on

8   "'mere allegations,' but must 'set forth' by affidavit or other evidence 'specific facts'"

9   of the injury actually suffered, conferring standing. *See Lujan v. Defenders of*

10  *Wildlife,* 504 U.S. 555, 561 (1992).

## IV.   ARGUMENT

12      Plaintiff does not possess any evidence that presents a question of material fact

13  as to her standing to bring suit—there is no evidence that she provided the requisite

14  CLRA notice, that she purchased Children's Coldcalm, that Children's Coldcalm was

15  not effective for the Plaintiff, and finally, that Plaintiff intends to purchase Children's

16  Coldcalm in the future.

17      Because she is the named plaintiff, Delarosa's failure to establish her own

18  entitlement to relief on summary judgment requires entry of judgment in Boiron's

19  favor as to the entire case. *See Lierboe v. State Farm Mutual Auto. Ins. Co.*, 350 F.3d

20  1018, 1022 (9th Cir. 2003) ("[O]our law makes clear that if none of the named

21  plaintiffs purporting to represent a class establishes the requisite of a case or

22  controversy with the defendants, none may seek relief on behalf of himself or any

23  other member of the class.") (internal quotation marks omitted); *Whitaker v. Health*

24  *Net of Cal.*, No. CIV S-11-0910 KJM-DAD, 2012 WL 174961, at *3 (E.D. Cal. Jan.

25  20, 2012); *Heisler v. Maxtor Corp.*, No. 5:06-cv-06634-JF (PSG), 2011 WL 1496114,

26  at *4 (N.D. Cal. Apr. 20, 2011).

27

28

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

5218274

**A.      Plaintiff's Failure to Comply with the CLRA's Notice Requirement Entitles Boiron to Summary Judgment**

Plaintiff's admitted failure to comply with the CLRA's notice requirements precludes her recovery of damages and therefore compels a finding of summary judgment in Boiron's favor as to that claim.  The CLRA requires:

> Thirty days or more prior to the commencement of an action for damages pursuant to this title, the consumer shall do the following:
>
> (1)      Notify the person alleged to have employed or committed methods, acts, or practices declared unlawful by Section 1770 of the particular alleged violations of Section 1770.
>
> (2)      Demand that the person correct, repair, replace, or otherwise rectify the goods or services alleged to be in violation of Section 1770.
>
> The notice shall be in writing and shall be sent by certified or registered mail, return receipt requested, to the place where the transaction occurred or to the person's principal place of business within California.

Cal. Civ. Code § 1782(a).

As the court explained in *Outboard Marine Corp. v. Superior Court*, the purpose of the statute is to provide a defendant with an opportunity to remedy any alleged wrong.  52 Cal. App. 3d 30, 41 (1975).  That purpose is not served by just mailing a letter, which the California legislature recognized by further mandating that the "notice be in writing and shall be sent by certified or registered mail, return receipt requested," to the defendant's place of business in California.  *Id.*

Accordingly, courts have not hesitated to dismiss a CLRA damages claim when plaintiffs have failed to comply with the specific CLRA requirements.  *See, e.g.*, *Davis v. Chase Bank U.S.A., N.A.*, 650 F. Supp. 2d 1073, 1089 (C.D. Cal. 2009) (dismissing claim with prejudice finding that even "actual notice and an opportunity to correct the behavior does not excuse a party from providing notice in the manner required by § 1782(a)"); *Gerber v. Bayer Corp.*, No. C 07-05918 JSW, 2008 WL 344219, at *3 (N.D. Cal. Feb. 6, 2008); *Laster v. T-Mobile USA, Inc.*, 407 F. Supp. 2d 1181, 1196 (S.D. Cal. 2005); *Von Grabe v. Sprint PCS*, 312 F. Supp. 2d 1285, 1303-04 (S.D. Cal.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

5218274

2003) (holding that plaintiff's correspondence with defendant, "which Plaintiff argues is sufficient under the Act, was not timely, was not delivered in the proper fashion, and made no mention of § 1770 or any specific violations thereof").

Indeed, this Court recognized the same in its order on Boiron's motion for judgment on the pleadings, stating that, while the notice provisions are not jurisdictional, "[they] do require compliance in order to state a claim." (Doc. 75 at 21 n.9 (citing *Cattie v. Wal-Mart Stores, Inc.*, 504 F. Supp. 2d 939, 949 (S.D. Cal. 2007)).

Here, as a threshold issue, Plaintiff failed to comply with the CLRA requirements because she did not mail the demand letter to Boiron's place of business in California. Instead, the address on the face of the letter attached to the Complaint shows Boiron's Pennsylvania address. Compl., Ex. 3.

Moreover, putting aside Boiron's sworn and unrefuted testimony that it did not receive notice of Plaintiff's claim more than thirty days prior to her filing suit on August 31, 2010, Land Suppl. Decl. ¶ 5, Plaintiff **admitted** that she failed to comply with the requirements of the CLRA. Sarchio Decl., Ex. B (Email from Ryan Ferrell to Christina Sarchio (Jan. 10, 2011)).

While Boiron has sought confirmation of this fact through requests for admission and other discovery demands, which are currently the subject of a pending motion to compel against Plaintiff, this fact is not in dispute, since Plaintiff is bound by her counsel's admission that "proper notice" under the CLRA was not made.[4] *See*

---

[4] Plaintiff failed to respond to Boiron's document requests, requests for admission, and interrogatories on this point, and Boiron has moved to compel this information. (Dkt. 120). Regardless of the ruling on the motion to compel, however, Plaintiff of course has the burden of affirmatively establishing her right to bring a claim, which she has failed to do. *See, e.g.*, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Miguel v. Country Funding Corp.*, 309 F.3d 1161, 1164 (9th Cir. 2002).

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

5218274

*Town of North Bonneville v. Callaway*, 10 F.3d 1505, 1509 (9th Cir. 1993) ("[P]arties are generally bound by the admissions of their attorney, including oral admissions.") (internal citations omitted).

Accordingly, as Plaintiff has conceded her failure to comply with the CLRA notice requirements, the Court must render judgment on the CLRA damages claim in Boiron's favor.

### B.   Undisputed Evidence Demonstrates That Plaintiff Does Not Have Standing to Bring Her Claims[5]

Plaintiff cannot establish the requisite standing to move forward with her claims on three separate grounds—any one of which requires entry of judgment in Boiron's favor: (1) Plaintiff cannot establish that she purchased Children's Coldcalm; (2) Plaintiff has not demonstrated Children's Coldcalm did not work for her; and (3) Plaintiff has no evidence that Boiron knowingly published false statements. Moreover, because Plaintiff has no intention to again purchase Children's Coldcalm, she cannot seek prospective relief by way of an injunction.

### 1.   *Plaintiff Cannot Establish that She Purchased Children's Coldcalm*

Plaintiff cannot establish she was injured because she has not shown that she even purchased Children's Coldcalm. The case law is clear: "Plaintiff does not have standing to bring her CLRA [or] UCL . . . claims based on a product she never purchased." *Dysthe v. Basic Research LLC*, No. CV 09-8013 AG (SSx), 2011 WL 5868307, at *4 (C.D. Cal. June 13, 2011); *see also Johns v. Bayer Corp.*, No. 09CV1935 DMS (JMA), 2010 WL 476688, at *5 (S.D. Cal. Feb. 9, 2010); *cf. Bower*

---

[5] The Court has an independent responsibility to assess its subject-matter jurisdiction, regardless of Plaintiff's arguments. *See, e.g.*, *United Investors Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 966 (9th Cir. 2004) ("[A] district court's duty to establish subject matter jurisdiction is not contingent upon the parties' arguments.").

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

1    *v. AT&T Mobility, LLC,* 196 Cal. App. 4th 1545, 1577 (2011) (affirming dismissal of

2    common law fraud claim where plaintiff did not demonstrate injury in fact).

3        In *Dysthe*, for example, the plaintiff saw a commercial for defendant's weight

4    loss product, Relacore. *Dysthe*, 2011 WL 5868307, at *1. However, after seeing this

5    commercial, the plaintiff purchased Relacore Extra, a different weight loss product

6    owned by defendant. *Id.* The court ruled that plaintiff did not have standing to bring

7    her UCL or CLRA claims "based on a product that she never purchased." *Id.* at *4.

8    The plaintiff argued that the two products were "nearly identical," but the court

9    disagreed, holding that "[h]aving a few common ingredients is simply not enough to

10   show the Products are the same or even 'nearly identical.' In fact, this is true for just

11   about any type of product." *Id.* at *5. Accordingly, the court granted summary

12   judgment to the defendant. *Id.* at *6.

13       Here, Delarosa has not proven by undisputed fact that she actually purchased

14   Children's Coldcalm. She has no receipt or other record demonstrating proof of

15   purchase. Sarchio Decl., Ex. C (Delarosa Dep. Tr.) at 39:10-11. More importantly,

16   Plaintiff testified that she purchased Children's Coldcalm at a CVS on Baseline

17   Avenue in Highland, California sometime in April or May 2010.[6]  *Id.* at 39:5-7.

18   However, CVS has **never sold** Children's Coldcalm in any of its California stores.

19   Land Decl. at ¶¶ 7-11. Thus, Ms. Delarosa could not and did not purchase the product

20   there.

21       Accordingly, as Delarosa cannot establish that she actually purchased

22   Children's Coldcalm, the Court should enter judgment in Boiron's favor. *See Heisler,*

23

24   _____

25   [6] Plaintiff cannot now submit an affidavit contradicting this deposition testimony. *See
     Heisler,* 2011 WL 1496114, at *5 ("The general rule in the Ninth Circuit is that a
26   party cannot create an issue of fact by an affidavit contradicting his prior deposition
     testimony." (quoting *Kennedy v. Allied Mut. Ins. Co.*, 952 F.2d 262, 266 (9th Cir.
27   1991)).

28
                              10        Case No. SACV10-01569 JST (CWx)
     MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
              DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

1  2011 WL 1496114, at *4 (holding as a matter of law that plaintiff did not breach a

2  warranty because he did not have a receipt for the product at issue).

### 2.   *Plaintiff Cannot Affirmatively Establish that Children's Coldcalm Specifically Does Not Work*

5  Under California law, Delarosa "bears the burden of showing that a challenged

6  advertisement is false or misleading, not merely that it is unsubstantiated by

7  acceptable tests or other proof." *Sandoz Pharms. Corp. v. Richardson-Vicks, Inc.*, 902

8  F.2d 222, 228 (3d Cir. 1990) (quoting *Procter & Gamble Co. v. Chesebrough-Pond's,*

9  *Inc.*, 747 F.2d 114, 119 (2d Cir. 1984)); *see also Fraker v. Bayer Corp.,* No. CV F 08-

10  15649, 2009 WL 5865687, at *8 (E.D. Cal. Oct. 6, 2009); *Chavez v. Nestle USA, Inc.*,

11  No. CV 09-9192, 2011 WL 2150128, at *5-6 (C.D. Cal. May 19, 2011); *Barrera v.*

12  *Pharmavite, LLC*, No. CV 2:11-04153 (C.D. Cal. Sept. 19, 2011) (*see* accompanying

13  Request for Judicial Notice).   And this burden can only be satisfied by affirmative

14  evidence that Children's Coldcalm specifically does not work, not that homeopathy

15  generally is ineffective.   *See Nat'l Council Against Health Fraud, Inc. v. King Bio*

16  *Pharms., Inc.*, 107 Cal. App. 4th 1336, 1347 (2003).   It is undisputed that Plaintiff has

17  no such evidence.   Accordingly, summary judgment should be entered in Boiron's

18  favor.

### i.   *Plaintiff's Own Testimony Belies Her Claims*

20  Delarosa cannot establish that Children's Coldcalm did not work for her or is

21  otherwise ineffective for any consumer.   In order to satisfy the "injury in fact"

22  requirement of standing, a plaintiff must "be among the injured." *Lujan*, 504 U.S. at

23  562-63.   Here, Plaintiff alleges that Boiron misrepresented the efficacy of Children's

24  Coldcalm in relieving the symptoms of the common cold.   But, if Delarosa cannot

25  prove that she had a cold or that Children's Coldcalm did not work for her, then she

26  cannot prove that she has standing to represent the class. *See Heisler*, 2011 WL

27  1496114, at *4, 10 (granting summary judgment in favor of defendant because

28

11          Case No. SACV10-01569 JST (CWx)

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

1   plaintiffs who could not prove that they were still within the warranty period, who

2   improperly tampered with the warranty seal, or who returned the products at issue for

3   a full refund did not have standing to bring claims based on the warranty).

4       Of course, a predicate requirement of Plaintiff demonstrating Children's

5   Coldcalm does not alleviate cold symptoms as advertised is that Plaintiff had a cold.

6   Here, Delarosa admitted that she was not diagnosed with a cold by a doctor.  Sarchio

7   Decl., Ex. C (Delarosa Dep. Tr.) at 82:13-17.  And she admitted that she might not

8   have even had a cold: "First of all, I don't know that it was a cold . . . . And to say that

9   I had a cold, I don't know, but we had, you know, runny noses . . . . So I don't know

10  that we even had a cold." *Id.* at 82:3-83:2.  Rather, she admitted her symptoms could

11  have been a result of another condition, like allergies. *Id.* at 83:18-84:3 ("Q. So [your

12  children] could have had allergies, for instance, right?  A. I don't know . . . Yeah.

13  They could have had anything.").  In the face of her plain admission that she might not

14  have even had a cold, Delarosa cannot prove that she had the type of ailment against

15  which Children's Coldcalm was designed to protect.

16      Moreover, Delarosa conceded that Children's Coldcalm might have actually

17  worked.  She testified that her symptoms did not get worse after taking Children's

18  Coldcalm, *id.* at 74:5-21, and she does not know whether Children's Coldcalm

19  prevented her from getting more ill, *id.* at 77:3-6.  Delarosa therefore cannot prove

20  that Children's Coldcalm did not work for her.  Children's Coldcalm's label says that

21  it is effective for relieving cold symptoms—not curing them.  As Delarosa admitted,

22  Children's Coldcalm may have given her that relief because, without it, her symptoms

23  would have been worse.  Accordingly, Delarosa has not and cannot demonstrate that

24  Children's Coldcalm was not effective relieving a cold that she admits she might not

25  have even had.

26

27

28

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

5218274

          *ii.*    *Plaintiff's Experts' Testimony Confirms Plaintiff Cannot Demonstrate Children's Coldcalm Specifically Does Not Work*

Plaintiff cannot rely on expert testimony to save her from her own admissions. Her experts do not offer <u>any</u> evidence as to Children's Coldcalm specifically, rather than as to homeopathy generally. *See King Bio*, 107 Cal. App. 4th at 1347; *cf. Brookhaven Typesetting Svcs., Inc. v. Adobe Sys., Inc.*, 332 Fed. Appx. 387, 390 (9th Cir. 2009) (affirming summary judgment because "the expert's declaration did not provide a sustainable basis upon which a triable case of misappropriation could be founded" and "[t]he only specific examples were conclusory, with no detail provided"). As *King Bio* instructs, this is insufficient as a matter of law.

In that case, plaintiff alleged that defendant had made false advertising claims as to the efficacy of its homeopathic drug products. 107 Cal. App. 4th at 1347. Plaintiff presented expert testimony of the inefficacy of homeopathic remedies in general, but presented no evidence concerning the efficacy of King Bio's products specifically. *Id.* The court noted that "homeopathic remedies are marketed and readily available for testing by a plaintiff," and that the plaintiff did "not wish to bear the expense of proving its case does not mean that the burden and expense should be shifted to King Bio" *Id.* at 1348. Accordingly, the California Court of Appeals affirmed the superior court's grant of judgment for King Bio, holding that the plaintiff had failed to meet its burden "of producing evidence that the challenged advertising claims of King Bio are false or misleading." *Id.* at 1344; *see also id.* at 1340; *Stevens v. JPMorgan Chase Bank, N.A.*, No. C09-03116 SI, 2010 WL 329963, at *4-5 (N.D. Cal. Jan. 20, 2010) (dismissing false advertising and misleading practices complaint based on *King Bio* when complaint provided nothing more than mere labels and conclusions).

*King Bio* is indistinguishable.   Plaintiff's experts have not adduced any evidence that Children's Coldcalm specifically does not work.   Rather, like the plaintiff in *King Bio*, Plaintiff merely attacks homeopathy generally.

At his deposition, Dr. Willis, a pharmacologist with no clinical experience treating patients, admitted that he did not perform any testing, clinical or otherwise, regarding Children's Coldcalm and that his opinion was not based upon any specific analysis of Children's Coldcalm.   Sarchio Decl., Ex. D, Willis Dep. Tr. at 60:22-61:7.   Rather, his expert opinion as to Children's Coldcalm's efficacy was based **solely** upon homeopathy generally, not Children's Coldcalm specifically:

> Q    You testified -- or you stated in your declaration that you concluded that ColdCalm is without medicinal value; is that correct?
> A    That is correct.
> Q    What is the basis for that conclusion?
> A    It is -- <u>the basis for that conclusion is that there is no scientific validity to the whole concept of homeopathic medicine</u>, in my view.

*Id.* at 61:14-21 (emphasis added).

Plaintiff fares no better with her other expert—her counsel's brother, emergency room contract physician Brit Ferrell—who also relies on an attack on homeopathy generally.   Sarchio Decl., Ex. E (Ferrell Dep. Tr.) at 16:4-11, 26:22-27:10; 95:6-10 ("I was able to see the active ingredients list along with the dilutions of those active ingredients list along with my basic understanding of dilutions in homeopathy and the theory behind it, that's what I based my opinion on.").   Dr. Ferrell likewise performed no testing, clinical or otherwise, on Children's Coldcalm.   *Id.* at 94:17-21.   And, having never heard of the product before this litigation, he does not know whether any of his minor patients have ever taken Children's Coldcalm.   *Id.* at 78:9-14.   Rather, to formulate his "expert" opinion, Dr. Ferrell merely conducted a search on Medline to see if there were any published studies on Children's Coldcalm or its ingredients and, finding none, concluded that Children's Coldcalm is ineffective.   *Id.* at 72:20-73:14, 94:22-95:21.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

5218274

1    But, again, **that is not the standard under California law.**  Rather, Plaintiff

2  "bears the burden of showing that a challenged advertisement is false or misleading,

3  not merely that it is unsubstantiated by acceptable tests or other proof."  *Sandoz*

4  *Pharms.*, 902 F.2d at 228 (emphasis added) (citations omitted); *see also Castrol, Inc.*

5  *v. Quaker State Corp.*, 977 F.2d 57, 62-63 (2d Cir. 1992); *K&N Eng'g, Inc. v. Spectre*

6  *Performance*, No. EDCV 09-01900-VAP (DTBx), 2011 WL 4387094, at *9 (C.D.

7  Cal. Sept. 20, 2011) (holding that the plaintiff must prove "there can be but one

8  reasonable conclusion as to the verdict, *i.e.* that [defendant's] Advertisements are

9  literally false") (quoting *Southland Sod Farms v. Stover Seed Co.*, 108 F.3d 1134,

10  1139 (9th Cir. 1997)); *Loreto v. Procter & Gamble Co.*, 737 F. Supp. 2d 909, 920

11  (S.D. Ohio 2010) ("Generally, to prevail on a claim that defendant misrepresented the

12  effectiveness of its product, plaintiffs must show that the alleged misrepresentations

13  are 'false or misleading, not merely that [they] are unsubstantiated by acceptable tests

14  or other proof.") (citations omitted); *Fraker*, 2009 WL 5865687, at *8 ("Plaintiff will

15  be required to adduce evidence sufficient to present to a jury to show that Defendant's

16  advertising claims with respect to Product [sic.] are actually false; not simply that they

17  are not backed up by scientific evidence."); *Chavez*, 2011 WL 2150128, at *6.

18  Plaintiff, however, has no such affirmative evidence that Children's Coldcalm

19  specifically is ineffective.  She thus does not have standing to bring any of her claims.

20    ### 3.    *No Evidence Exists that Boiron Knowingly Published False*

21    *Statements*

22    To establish liability, Plaintiff must show that Boiron "knew, or through the

23  exercise of reasonable care should have known" of the alleged falsity at the time it

24  marketed and advertised its products.  *Kowalsky v. Hewlett-Packard Co.*, 771 F. Supp.

25  2d 1156, 1162 (N.D. Cal. 2011); *see also Baba v. Hewlett-Packard Co.*, No. C 09-

26  05946 RS, 2010 WL 2486353, at *7 (N.D. Cal. June 16, 2010) (dismissing UCL claim

27  in part because plaintiffs did not sufficiently allege knowledge of the alleged defects);

28                                         15        Case No. SACV10-01569 JST (CWx)

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

5218274

1    *Bains v. Moores*, 172 Cal. App. 4th 445, 455 (2009) ("To avoid summary adjudication

2    of [their] fraud claim, [plaintiffs were] required to produce evidence of (1) a

3    misrepresentation, (2) knowledge of falsity (or 'scienter'), (3) intent to defraud, *i.e.*, to

4    induce reliance; (4) justifiable reliance, and (5) resulting damage.") (internal quotation

5    marks omitted) (alterations in original).

6          In *Kowalsky*, for example, the court performed a detailed analysis of UCL and

7    CLRA cases, and concluded that "when federal district courts have considered

8    fraudulent prong claims based on representations about defective products, they have

9    generally required a plausible showing that the defendant knew of the alleged defect

10   when it made the representation alleged to be deceptive." *Id.* at 1160-63 (citations

11   omitted). Indeed, in dismissing the case, the court determined "where a defendant

12   lacked knowledge of the facts that rendered its representations misleading at the time

13   it made the representations, courts have been unwilling to impose liability under the

14   fraudulent prong of the UCL."[7] *Id.*

15         Similarly, in *Neu v. Terminix International, Inc.*, the plaintiff alleged that

16   defendants falsely advertised their termite baiting system. No. C 07-6472 CW, 2008

17   WL 2951390, at *3 (N.D. Cal. July 24, 2008). Specifically, the plaintiffs argued that

18   "defendants knew or should have known with the exercise of reasonable care that

19   research studies had shown that baiting systems were ineffective for controlling or

20   eliminating termite infestations." *Id.* However, the court determined that the studies

21   in question involved other termite control companies and were published after the

22   making of the allegedly false statements at issue. *Id.* Thus, the court dismissed the

23   plaintiff's UCL, FAL, and CLRA claims because the plaintiff "ha[d] not alleged facts

24   to support a finding that Defendants knew that those statements were false when

25   made." *Id.* at *4.

26   ───────────────
     [7] The same analysis holds true under the CLRA. *Kowalsky*, 771 F. Supp. 2d at 1162-
27   63.

28                                              16        Case No. SACV10-01569 JST (CWx)
     ─────────────────────────────────────────────────────────
           MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
                  DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

5218274

Plaintiff does not have a <u>single fact</u> that Boiron believed its statements were false. To the contrary, Boiron can provide extensive support regarding the efficacy of both homeopathic drugs generally and Children's Coldcalm specifically. *See, e.g.,* Sarchio Decl, Ex. F (Deposition Transcript of Ludovic Rassat) at Tr. 55:18-56:14; *Id.,* Ex. G (Expert Report of Dr. Charles DuMont). But that is not the purpose of this motion, as it is Plaintiff's burden to demonstrate that the Children's Coldcalm statements are false and that Boiron knowingly published false statements. Since Plaintiff cannot meet this burden, she cannot survive summary judgment.

### 4.   *With No Intention to Purchase Children's Coldcalm in the Future, Plaintiff Cannot Seek Injunctive Relief*

Plaintiff alleges that her "primary goal" in this lawsuit is to enjoin Boiron from continuing to market Children's Coldcalm, Compl. ¶ 35, but she lacks Article III standing to seek such relief on behalf of herself or the class. It is well-settled that "[p]ast exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects." *Lujan*, 504 U.S. at 564. A plaintiff seeking injunctive relief must demonstrate that he or she is "realistically threatened by a <u>repetition</u> of the violation." *Gest v. Bradbury*, 443 F.3d 1177, 1181 (9th Cir. 2006); *see also City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983) ("Absent a sufficient likelihood that he will again be wronged in a similar way, Lyons is no more entitled to an injunction than any other citizen of Los Angeles.").

To the extent Plaintiff suffered an injury as a result of Children's Coldcalm, that injury has already occurred and she is now fully aware of the alleged false advertising and is able to avoid any future purchases of the product. Without a likelihood of future injury, Plaintiff does not have standing to seek injunctive relief in this case. *See, e.g., Lee v. Am. Nat'l Ins. Co.*, 260 F.3d 997, 1001-02 (9th Cir. 2001) ("Article III of the Constitution . . . limits the jurisdiction of federal courts to 'cases and

17          Case No. SACV10-01569 JST (CWx)

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

controversies,' . . . .  So a plaintiff whose cause of action is perfectly viable in state court under state law may nonetheless be foreclosed from litigating the same cause of action in federal court. . . . Even if Lee has a viable action . . . in state court under the California Unfair Business Practices Act, then, he may not proceed with that cause of action in federal court."); *Cattie*, 504 F. Supp. 2d at 951 ("While she might have standing to seek injunctive relief under California law, this Court's power to act is limited by Article III's standing requirement. . . . [I]t is unclear how prospective relief will redress her injury, since she is now fully aware of the linens' thread count. Furthermore, the [complaint] contains no allegations suggesting she intends to by linens from Walmart.com in the future."); *Deitz v. Comcast Cable Commc'ns, Inc.*, No. 06-cv-6352-WHA, 2006 WL 3782902, at *4 (N.D. Cal. Dec. 21, 2006) ("[W]hen a case is removed to a federal court, the federal court is bound by Article III.  The state legislature may no more allow injunctive relief in this case than were it to pass a statute allowing courts to give advisory opinions.").

Because Plaintiff herself is not entitled to seek injunctive relief, she may not represent a class seeking that relief.  *See, e.g.*, Cal. Bus. & Prof. Code § 17203 ("Any person may pursue representative claims or relief on behalf of others only if the claimant meets the standing requirements of Section 17204 [of the UCL] . . . ."); *Stearns v. Select Comfort Retail Corp.*, 763 F. Supp. 2d 1128, 1151 n.17 (N.D. Cal. 2010) (holding that plaintiffs lacked standing to seek injunctive relief in their consumer fraud action because they "do not allege that they still use their beds, that they will use their beds in the future, or that they will purchase another Select Comfort bed at any time.").  Accordingly, Defendant's motion for summary judgment on her claim for injunctive relief should be granted.

//

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

5218274

## V.    CONCLUSION

For the foregoing reasons, Defendant's motion for summary judgment should be granted.


Dated:    February 6, 2012          **WILSON TURNER KOSMO LLP**


By:    /s/ Vickie E. Turner
          VICKIE E. TURNER

**PATTON BOGGS LLP**
          CHRISTINA GUEROLA SARCHIO

**Attorneys for Defendant
BOIRON, INC.**

19          Case No. SACV10-01569 JST (CWx)

5218274