NEWPORT TRIAL GROUP
Scott J. Ferrell, Bar No. 202091
sferrell@trialnewport.com
James B. Hardin, Bar No. 205071
jhardin@trialnewport.com
Steven R. Telles, Bar No. 246514
stelles@trialnewport.com
Ryan M. Ferrell, Bar No. 258037
rferrell@trialnewport.com
895 Dove Street, Suite 425
Newport Beach, CA 92660
Tel: (949) 706-6464
Fax: (949) 706-6469
*Attorneys for Plaintiff and the Class*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

GINA DELAROSA, individually, and on behalf of all others similarly situated,

Plaintiffs,

vs.

BOIRON, INC., et al.,

Defendants.

Case No. SACV 10-1569-JST (CWx)

**PLAINTIFF GINA DELAROSA'S OPPOSITION TO DEFENDANT'S MOTION FOR RECONSIDERATION**

[Declaration of Scott J. Ferrell and Request for Judicial Notice filed concurrently herewith]

**Discovery Matter**

Date: July 17, 2012
Time: 10:30 a.m.
Courtroom: 640

Complaint Filed: August 31, 2010
Trial: October 30, 2012

## I. INTRODUCTION

The crux of Defendant Boiron, Inc.'s ("Defendant") Motion for Reconsideration ("Motion") is that new evidence warrants the Court's reconsideration of its previous ruling granting Plaintiff's Motion for a Protective Order. The new evidence that Defendant points to is that for the first time in nearly two years of litigation, Defendant admits that it did in fact sell Children's ColdCalm at CVS; this despite two years of

litigation in which Defendant claimed the following:

(1) In its Opposition to Plaintiff's Motion for Class Certification: "However, ***CVS has never sold Children's Coldcalm in its stores***" (Docket No. 49, at 11:21-22; emphasis in original), and: "Finally, and most notably, a proper investigation would have revealed that Plaintiff could not have purchased Children's Coldcalm at CVS since the store did not sell the product at the time" (Docket No. 49, at 13:20-22);

(2) In its Opposition to Plaintiff's Motion for a Protective Order and to Quash Depositions: "Plaintiff Delarosa lied about her purchase of the product because ***CVS stores in California do not carry or sell Children's Coldcalm***" (Docket 110, at 1:22-2:1);

(3) In its Memorandum of Points and Authorities in Support of its Motion for Summary Judgment: "***CVS has never sold Children's Coldcalm at any of its California stores***" (Docket No. 135-1, at 10:18; emphasis in original); and

(4) In its Reply Memorandum in Support of its Motion for Summary Judgment: "To the contrary, ***the evidence conclusively establishes that, because CVS did not and does not sell Children's Coldcalm in its stores***, Plaintiff lied to the Court about her purchase and thus never had standing to file suit" (Docket No. 168, at 9:21- 24).[1]

Now comes Defendant and claims that there is new evidence that requires the Court to reconsider its previous decision. (Motion 1:24-25). Amazingly, this new evidence is Defendant's own change of position:

(1) "Specifically, Boiron claimed that Plaintiff could not establish she purchased the product since the store at which she testified in affidavits and at her deposition that she bought Children's ColdCalm ***did not regularly sell the product at the time."*** (Motion 2:6-9);

(2) "In this declaration [Declaration of Grant Pill submitted in the Reply in Support of Defendant's Motion for Summary Judgment], he explained that ***CVS does***

[1] True and Correct copies of the referenced pleadings are attached to the Request for Judicial Notice filed and served concurrently herewith.

***not, as a matter of course, sell Children's ColdCalm***." (Motion 3:23-4:1); and

(3) "[T]he declarations [Defendant's] disclosed the fact that ***the parties discovered a few discreet transactions involving Children's ColdCalm at CVS***." (Motion 4:14-15).

Defendant was invited to withdraw the above pleadings and refused. (Declaration of Scott J. Ferrell "Ferrell Decl." ¶ 3). Ironically, Defendant would now have the Court find that Defendant's previous false statements are reason for the Court to reconsider its previous ruling.

Finally, Defendant's own Motion contradicts Defendant's arguments and shows the lengths that Defendant will reach to cover its own false statements. Defendant asserted in its Motion, "counsel has expressly stated that he will call upon them [employee's of Newport Trial Group] as witnesses at trial." (Motion 5:25-26). On the same page of Defendant's Motion, Plaintiff's actual position is stated, "[i]f Boiron persists at trial in presenting the fictional defense of CVS' lack of sales, this evidence will be presented to impeach any such witnesses in accordance with Federal Rules of Evidence 607 et seq." (Motion 5:3-5). Such is Plaintiff's position. If at trial, Defendant chooses to put on any witness that persists in falsely claiming that CVS never sold Children's ColdCalm, Plaintiff will impeach such witnesses with Defendant's own previous statements and receipts obtained for the sole purpose of impeachment as warranted. Plaintiff position has remained unchanged; Plaintiff has no intention or need of presenting Newport Trial Group employee's as witnesses. (Ferrell Decl. ¶ 2). Defendant in its own filings has provided Plaintiff with all of the ammunition she needs to refute Defendant's false statements. "[N]othing is more probative of character for veracity than evidence witness previously lied under oath." *Ad-Vantage Tel. Directory Consultants; Inc. v. GTE Directories Corp.*, 37 F3d 1460, 1464 (11th Cir. 1994). Defendant has taken two contradictory positions, that Defendant has not sold Children's ColdCalm at CVS and that Defendant has sold Children's ColdCalm at CVS, and cannot sustain both and now seeks to obfuscate that fact. If Defendant is truly

concerned about Plaintiff presenting impeachment evidence then Defendant can choose not to have its witnesses make false statements.

## II. ARGUMENT

The Federal Rules of Civil Procedure exempt from the parties' otherwise mandatory automatic disclosures such evidence that a party may present at trial … solely for impeachment. *Gribben v. United Parcel Serv., Inc.*, 528 F.ed 1166, 1172, (9th Cir. 2008) (citing Fed. R. Civ. P. 26(a)(3). Such is the case in this matter; Plaintiff has no need or intention of presenting CVS evidence in her case in chief. Plaintiff intends to focus her efforts on presenting the evidence that Defendant knowingly sells snake oil. Further, unlike Defendant, Plaintiff has remained constant during the pendency of this litigation. Plaintiff's testimony, whether in deposition or in declarations, has been constant.

Courts have long recognized that, "[b]y its plain language, this rule [Fed. R. Civ. P. 26] is directed at preserving the effectiveness of impeachment evidence for use at ***trial***." *Stevens v. City of Red Bluff*, 2007 WL 184816 *2 (E.D. Cal.). Contrary to Defendant's flailing, "impeachment evidence is not required to be disclosed in pretrial submissions or during discovery." *In re Watkins*, 343 Fed.Appx. 245, 246 (C.A.9, 2009).

Defendant's assertion that there is "new evidence" or that Defendant will be "blind-sided" at trial are demonstrably false. Ironically, Defendant presents its own change of position regarding sales of Children's ColdCalm at CVS as its "new evidence." Motion 4:16-19. Defendant has presented no change in position from Plaintiff. Defendant has not presented any evidence that Plaintiff has changed her testimony. On the other hand, Defendant would have the Court change its ruling based on Defendant's own evolving testimony. If Defendant is blind-sided at trial, it will be because Defendant puts forward false testimony in misguided attempts to discredit Plaintiff.

/ / /

## III. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court uphold its previous ruling and deny Defendant's Motion for Reconsideration.

Dated: June 26, 2012

NEWPORT TRIAL GROUP
A Professional Corporation
Scott J. Ferrell
Ryan M. Ferrell

By: /s/ Scott J. Ferrell
Scott J. Ferrell

Attorneys for Plaintiff and the Class

**CERTIFICATE OF SERVICE**

I hereby certify that on June 26, 2012, I electronically filed the foregoing **PLAINTIFF GINA DELAROSA'S OPPOSITION TO DEFENDANT'S MOTION FOR RECONSIDERATION** with the Clerk of the Court using the CM/ECF system which will send notification of such filing via electronic mail to all counsel of record.

                                              */s/Scott J. Ferrell*
                                              Scott J. Ferrell