# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| GINA DELAROSA, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>BOIRON, INC., et al.,<br><br>Defendants. | CASE NO. SACV 10-1569-BRO (CWx)<br><br>**CLASS ACTION**<br><br>**ORDER AND JUDGMENT GRANTING MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT** |

1  The Court, having reviewed the Motion for Final Approval of Class Action Settlement between Plaintiff Gina Delarosa ("Plaintiff") and Defendant Boiron, Inc. ("Boiron"), the evidence and argument provided by the parties, and the pleadings and other papers on file in this action, hereby GRANTS final approval to the Class Action Settlement, as detailed below.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. The Court has jurisdiction over the subject matter of this litigation and over the parties to the Settlement Agreement.

2. For purposes of this Order, except as otherwise set forth herein, the Court adopts and incorporates the definitions contained in the Settlement Agreement.

3. The Court hereby finally approves and confirms the settlement set forth in the Settlement Agreement and finds that said settlement is, in all respects, fair, adequate, and reasonable to the Class.

4. Pursuant to Federal Rule of Civil Procedure ("Rule") 23, the Court finds that the Class continues to satisfy the elements of Rule 23(a), (b)(2), and (b)(3). Pursuant to Rule 23(g), the Court appoints previously-appointed Class Counsel, Newport Trial Group and Pearson, Simon & Warshaw, LLP as Counsel for the Class.

5. The Court finds that the persons identified in Exhibit "A" attached hereto have timely and validly requested exclusion from the Class, and therefore, are excluded accordingly. Such persons are not included in or bound by this Final Judgment. Such persons are not entitled to any recovery from the settlement proceeds obtained through this settlement.

6. The Court finds that there are no valid objections to the Settlement Agreement.

7. The Court hereby dismisses on the merits and with prejudice the claims asserted in this litigation by Plaintiff against Boiron.

8.      All Class Members hereby release, relinquish, and discharge the Released Persons from all Released Claims, meaning, with the exception of claims for personal injury, any and all claims, demands, rights, suits, liabilities, and causes of action of every nature and description whatsoever, known or unknown, matured or unmatured, at law or in equity, existing under federal and/or state law, that any Representative Plaintiff and/or Class Member has or may have against the Released Persons, without limitation to those that have been brought, could have been brought, or are currently pending, arising out of, or related to any allegation or relief sought in the Complaint, including but not limited to statements made in or in connection with Boiron's advertising, marketing, packaging, labeling, promotion, manufacture, sale, and distribution of Children's Coldcalm, at any time between August 31, 2006 and the Opt-Out Date in any forum in the United States (including their territories and Puerto Rico).

9.      The Court finds that the settlement Notice disseminated to the Class was the best notice that was practicable under the circumstances.  Said Notice provided due and adequate notice of these proceedings and of the matters set forth therein, including the proposed settlement set forth in the Settlement Agreement, and fully satisfied the requirements of Rule 23(c)(2) and (e) and due process.

10.     Without affecting the finality of this Judgment in any way, the Court hereby retains continuing and exclusive jurisdiction over: (a) implementation of the settlement and any distribution to Class Members pursuant to further orders of this Court; (b) hearing and determining Plaintiff's application for attorneys' fees, costs, and a Representative Plaintiff incentive award; (c) Boiron until the Final Judgment contemplated hereby has become effective and each and every act agreed to be performed by the parties has been performed pursuant to the Settlement Agreement; and (d) all parties and Class Members for the purpose of enforcing and administering the Settlement Agreement.

11.     In the event the settlement does not become effective in accordance

with the terms of the Settlement Agreement, then the judgment shall be rendered null and void and shall be vacated, and in such event, all orders entered and releases delivered in connection herewith shall be null and void and the parties shall be returned to their respective positions *ex ante*.

12. The Court finds, pursuant to Rule 54(a) and (b), that this Final Judgment should be entered and further finds that there is no just reason for delay in the entry of this judgment as a Final Judgment, as to the parties to the Settlement Agreement. Accordingly, the Clerk is hereby directed to enter Judgment forthwith.

**IT IS SO ORDERED.**

Dated: November 6, 2013

_____
HONORABLE BEVERLY REID O'CONNELL
UNITED STATES DISTRICT COURT JUDGE

# EXHIBIT A

## Exhibit "A" – *Delarosa v. Boiron, Inc. et al.* Exclusions

1. Felicia Bolden
2. Irene Montes
3. Sandra Rosales
4. Fahima Sharker